No. 513

First Circuit

HOOPER v. MILLER

(December 3, 1929. Opinion and Decree.)

Benton & Benton, and D. J. Sanchez, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret & Brooks, and C. A. Battle, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. This suit is founded upon a note of $1,000 made by Albert Rodriguez, and identified with an act of sale and chattel mortgage, for the balance of the purchase price of a stock of goods, wares and merchandise together with fixtures, shelving, scales, safes, cash register, ice boxes and other paraphernalia, as shown

by an inventory annexed to an act of sale from Lester J. Hooper to Albert Rodriguez, passed before Dewey J. Sanchez, notary public, December 4, 1926. The suit is not against Rodriguez the maker of the note but against Arthur P. Miller, receiver of the Baton Rouge Stores Co., Inc., which is prayed to be held liable for the amount of said note, on substantially the following allegations of fact.

Plaintiff claims that the sale of the stock of goods and fixtures although made in the name of Albert Rodriguez, was in reality made to the Baton Rouge Stores Co., Inc., both to the knowledge of himself and of the said Albert Rodriguez. That Albert Rodriguez had full authority to act for said corporation, and that the sale was made for the benefit of said corporation which received and accepted the property, held it and enjoyed the full benefit of it.

Defendant relies upon the provisions of Article 2276 of the Civil Code as its main defense in the case. It contends that under the terms of the cited article of the Code, parol evidence may not be admitted against or beyond was is contained in the written act of sale, nor on what may have been said before, or at the time of making it, or since. That article refers more particularly to acts or writings by which immovable property is affected, and in reality defendant's objection, if supported at all, must rest upon article 2236, which says that "the authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, etc." But considering that the courts refer indiscriminately to the one article or to the other, in ruling upon the admissibility of testimonial proof, when offered to contradict, change or alter written proof, it would serve no useful purpose in the present case, to discuss the different conditions under which these articles find their proper application.

Where all the parties to a written contract, or all their heirs or assigns, agree that the written act does not contain or express their intentions, there is nothing immoral or against public policy when they all agree to rescind, deny or alter such act, unless such rescission, denial or alteration affect the rights of third persons who have acted upon the verity of such written act. Griffith vs. Alcocke, 113 La. 514, 37 So. 47. If the rights of third persons should thereby become affected, the parties are estopped from recalling what they have solemnly done. For the same reason any party to the contract may hold the other party or parties to the truth of what is said in such written act, unless fraud, error or deception is charged and proven. Such then is the moral reason upon which the rule of exclusion of parol evidence to affect written evidence, is founded.

The right of the defendant, the Baton Rouge Stores Co., Inc., to interpose any objection to the admissibility of parol evidence to change or modify a written sale from plaintiff to Albert Rodriguez, must rest either upon the ground that plaintiff and Albert Rodriguez have misled the Baton Rouge Stores Co., Inc., or upon the ground that the corporation is in reality, although it does not so appear upon the face of the written act, a party to the contract. No grounds of estoppel are alleged or shown. So that if the right to object to the testimony were based upon the fact that defendant is a party to the contract, it would thereby confess that Rodriguez acted for it and in its behalf, and such admission would render it liable as claimed by plaintiff.

On the face of the record, as it must be viewed for the purpose of ruling upon defendant's objection to the admissibility of testimony to contradict or vary the sale from plaintiff to Albert Rodriguez, defendant must be considered as a stranger to the contract, unaffected by its terms and without interest as to its truth or falsity.

Defendant cites in its brief, a case from the Supreme Court of New Hampshire, which is not presently accessible to the writer of this opinion, but in answer thereto we quote as supporting our ruling, the case of Benton vs. Roberts, 1 Rob. (La.) p. 105, wherein the court says:

"It has been strongly insisted on by counsel for the defendants, that no parol testimony should have been admitted on the part of the plaintiff, to explain or contradict the release from Elliott to the defendants; and the article 2256 (now 2276) of the Code is relied on to sustain the objection. That article generally applies to those who appear to be parties or privies on the face of the act. A party may also be bound by what is contained in an act between third persons, if it be established that he had notice of it; yet as parol evidence is necessary and admissible to prove the notice, it follows that by the same kind of evidence, all that took place at the time of notice may be proved as part of the res gestae."

On the trial of the case Albert Rodriguez admitted, as claimed by plaintiff, that the sale of the stock of goods and store fixtures and accessories from plaintiff to himself was in reality made to the Baton Rouge Stores Co., Inc., to the knowledge of all parties. It appears further that at that time Rodriguez and the members of his immediate family owned all the stock of the Baton Rouge Stores Co., Inc., that Rodriguez controlled the corporation as fully as he controlled his family, that he was in the habit of using indifferently his own name as well as he used that of the corporation in transacting his business. He treated the business of the corporation as his own business. He was president and with the consent of his family, the other stockholders, he managed all the affairs of the corporation. It would be idle under these circumstances, to deny that the corporation as a separate entity, did not have notice or did not know all the actions and doings of Rodriguez.

In the act of sale from plaintiff to Rodriguez the parties also stipulated that the property sold should be mortgaged and was actually mortgaged to secure the payment of the note sued on in this case.

Defendant contends that the description of the property is insufficient for the purpose of identification, as required by the Act 198 of 1918, which provides for the creation of and manner of granting chattel mortgages. We do not believe that this defense is well founded. The property is not only described in general terms, but its location, especially as between the parties to the act, makes its identification absolutely certain.

The value of the property sold by plaintiff to defendant, and received by the Receiver, and by him sold in order to liquidate the affairs of the corporation, is established in the only manner in which it could be ascertained, and as there is no contest as to the correctness of that amount, it will remain undisturbed.

The district court found that defendant was indebted to plaintiff in the sum of $1,000 with interest and costs, recognized that the affected property sold by the Receiver had realized $435.62 and decreed this amount as secured by vendors' lien and privilege and by chattel mortgage. Our conclusions fully sustain the correctness of these findings, and it is therefore ordered that the judgment appealed from be affirmed.