24 P.(2d) 730

## EDMONDSON v. ÆTNA LOAN & MORTG. CO. (NSL).

No. 3798.

Supreme Court of New Mexico.

Aug. 29, 1933.

John D. W. Veeder and C. W. G. Ward, both of Las Vegas, for appellant.

D. A. Paddock, of Clayton, for appellee.

WATSON, Chief Justice.

This is a suit to quiet title. The complaint, in addition to the allegations required by statute, predicated title upon a tax deed dated December 10, 1929, reciting a judgment rendered November 7, 1923, for taxes of 1922, a sale held September 15, 1924, and a certificate issued the same day.

Defendant, by its answer, denied plaintiff's title generally; denied that any title was deraigned through the tax deed; admitted making adverse claim, predicating its title upon a mortgage foreclosure and special master's deed; alleged that the tax deed is null and void for the reason that the taxes of 1922 were due about a year before it made a loan to H. H. Edmondson, then owner, and that it was the latter's duty therefore, and by the terms of his mortgage, to pay said taxes; alleged that the tax sale certificate is void "for want of compliance with the laws of New Mexico" and "because S. M. Edmondson has repeatedly admitted that he bought the tax sale certificate to protect his brother and did not claim any payment from defendant because of it." There was no cross-complaint and no prayer for affirmative relief.

Plaintiff offered his tax deed. It was received over the objection that it was not admissible without proof of the proceedings leading up to it. The objection was overruled, the deed was received, and plaintiff rested.

Plaintiff's objections to evidence of the giving of a mortgage by H. H. Edmondson and of a foreclosure thereof were sustained. Thereupon defendant made tender of its proofs, from which we derive that fraud and estoppel were relied upon. The court properly ruled out these defenses as not having been pleaded.

The tender also includes certain objections to the tax sale certificate. It was admitted,

however, that the property was subject to taxation, and that the taxes had not been paid. The objections urged, if having any substance or merit, were cured by Laws 1921, c. 133, § 454. Moore v. National Bank of New Mexico, 35 N. M. 300, 295 P. 424.

■ It was appellant's position below, and is here urged, that because the burden of proof is upon a plaintiff in a suit to quiet title, and because he must obtain relief on the strength of his own title, rather than on the weakness of his adversary's, a tax deed cannot afford sufficient evidence on which to base a decree in the face of a denial that the deed passed title. In Hudson v. Phillips, 29 N. M. 101, 218 P. 787, 788, construing Laws 1921, c. 133, § 455, this court said that it "provides that a tax deed shall be prima facie evidence of a certain enumerated list of facts, which would seem to cover all of the questions as to the regularity of the tax proceedings. In other words, it provides, in substance and effect, that a tax deed shall be prima facie evidence of its own validity."

We see no reason to doubt the correctness of this interpretation. In numerous subsequent cases we have assumed it to be the true meaning of the section. The latest of such cases is Kreigh v. State Bank of Alamogordo, 37 N. M. 360, 23 P.(2d) 1085.

The judgment must be affirmed. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.