252 P.2d 514

SHIPLEY v. BALLEW.

No. 5535.

Supreme Court of New Mexico.

Jan. 14, 1953.

James L. Briscoe, Tucumcari, W.. T. O'Sullivan and Wm. G. Fitzpatrick, Albuquerque, for appellant.

Rowley, Breen & Bowen, Tucumcari, H. A. Kiker, Santa Fe, for appellee.

COMPTON, Justice.

Appellee, plaintiff below, brought this action in the usual statutory form, to quiet title to lands in Quay County. Appellant denied appellee's ownership and alleged ownership in himself to the extent of an undivided one-half interest therein.

The cause was tried to the court and at the conclusion of the hearing, the court found that appellee was the fee simple owner and entered its decree quieting his title thereto. To review the judgment, appellant appeals.

We think the evidence upon which the finding rests is substantial. The record evidence discloses the source of the title as well as the present owner. On November 8, 1928, Myron B. Keator acquired title to the land involved by tax deed from the State. On January 3rd, 1933, joined by his wife, he conveyed an undivided one-half interest therein to one J. J. Ballew, father of appellant. On March 28, 1936, J. J. Ballew and wife conveyed such undivided interest to J. E. Ballew, appellant herein. Thereafter, on March 8th, 1937, appellant and wife conveyed such undivided

interest to the former owner, Myron B. Keator. Subsequently, on June 30, 1951, Lena C. Keator, widow of Myron B. Keator and successor to the title, conveyed the premises to appellee. Thus, the legal title is traced to appellee.

But, appellant does not question the record. He contends that the conveyance to Myron B. Keator was without consideration in that it was not made for the purpose of conveying their undivided interest, but was made solely for the purpose of assisting the joint owner, Keator, in clearing title to the interest retained by him. The refusal of the court to allow extrinsic evidence tending to show the purpose of the conveyance to Keator, is made the basis of the appeal.

We fail to sense error in the ruling of the court as no ground for equitable relief is charged. Equitable defenses cannot be proved under a pleading containing nothing more than a denial of title and an allegation of ownership in another. To admit the equitable defenses of fraud, error, or deception, such defenses must be pleaded. Particularly is this true where the rights of third parties have intervened. Rule 8(c), Rules of Civil Procedure; In re Morrow's Will, 41 N.M. 723, 73 P.2d 1360; Edmondson v. Aetna Loan & Mortgage Co., 37 N.M. 478, 24 P.2d 730; Strong v. Strong, 22 Cal.2d 540, 140 P.2d 386; Strong v. Whybark, 204 Mo. 341, 102 S.W. 968, 12 L.R.A., N.S., 240, 120 Am.St.Rep. 710; Davies v. Symmes, 49 Cal.App.2d 433, 122 P.2d 102; Hooper v. Miller, 12 La.App. 9, 125 So. 77; Decatur Lumber & Mfg. Co. v. Crail, 350 Ill. 319, 183 N.E. 228.

Appellant makes the point that at the time of the conveyance Myron B. Keator was his attorney and because of such fiduciary relation, he should be permitted to prove equitable defenses under a general denial. What has been said disposes of this contention. Such issue was not raised by the pleading. Under the rule announced, appellant was under a duty, by his answer, to advise appellee of the nature of the defense on which he relied. See also Munfrey v. Cleary, 75 Cal.App. 2d 779, 171 P.2d 750; Borneman v. Salinas Title Guarantee Co., 66 Cal.App.2d 500, 152 P.2d 649.

The judgment will be affirmed and it is so ordered.

SADLER, C. J., and McGHEE, COORS and LUJAN, JJ., concur.