**WILLIAMSON v. T. S. C. MOTOR FREIGHT, Inc. et al.**

**No. 14221.**

United States Court of Appeals
Fifth Circuit.

April 8, 1953.

Louis B. Porterie, Warren M. Simon and Thomas C. Wicker, Jr., New Orleans, La., for appellant.

P. A. Bienvenu and Bienvenu & Culver, New Orleans, La., for appellees.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Mrs. Letha A. Williamson brought this suit against T. S. C. Motor Freight, Inc., and its liability insurer to recover damages for personal injuries alleged to have been sustained by her when a truck operated by the insured collided with the automobile which she was driving.

The complainant alleged that she drove from the Moisant International Airport at New Orleans, Louisiana, and entered the four lane Airline Highway, which extends between New Orleans and Baton Rouge, with the intention of crossing the first two traffic lanes and making a left turn into the the traffic lane directed toward New Orleans. Before entering the highway she stopped her car, looked both ways and ascertained that she could safely make the turn. As she reached the middle of the highway it was necessary for her to bring her car to a stop until traffic conditions would permit her to complete the maneuver. At the point she stopped her car there was sufficient room behind her to permit the truck, which she saw approaching in the outside traffic lane before she entered the highway, to pass if it continued in its indicated course of travel. The truck veered from its normal course of travel and collided with her car at about the middle of the highway.

Appellees filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. In support of this motion appellees filed a copy of a deposition made by Mrs. Williamson, an affidavit of one of their counsel and copies of certain records of two civil actions filed against Mrs. Williamson, T. S. C. Motor Freight, Inc., and their respective insurers by passengers who were riding in Mrs. Williamson's car at the time of the accident.[1]

---

1. Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion to dismiss was granted and this appeal followed.

The documents tendered by appellees established little more than the facts alleged in the complaint. They do show that the two suits which were filed against Mrs. Williamson as a result of the accident were settled by her insurer, but appellees rely upon this fact only insofar as it is evidential in establishing that her negligence contributed to the accident.

The suits by the passengers charged that the negligence of Mrs. Williamson and the truck driver concurred in causing the collision, and additionally that the truck driver had the last clear chance to avoid the collision. These allegations, and the passenger plaintiffs' answers to interrogatories in those cases, indicate what their testimony would be if called as witnesses in this case, but do not conclusively establish that Mrs. Williamson is entirely precluded from recovery herein. The statements of the interrogatories relate only to the claim of Mrs. Williamson's negligence and do not evidence abandonment of the charge that the truck driver could have avoided striking Mrs. Williamson's car. In her deposition Mrs. Williamson testified that she was an experienced driver. She stopped her car before entering the intersection. She saw the truck approaching at what she considered a safe distance to enable her to traverse the two traffic lanes immediately adjacent to the airport road and complete the left turn. When it was necessary for her to stop her car, there was sufficient room behind her vehicle for the truck to pass without incident if it had "continued on". The point of contact was about the middle of the highway.

The facts presented do not support appellee's contention that Mrs. Williamson was negligent as a matter of law and that such negligence was the proximate or a contributing cause of the accident so as to bar her recovery. There is no evidence as to the movements of the truck, except that it struck the automobile at about the center of the highway. Mrs. Williamson's testimony may be fairly construed to indicate that the truck had been traveling in the outside traffic lane prior to the collision and could have easily passed behind her vehicle, but instead it swerved to its left immediately before colliding with the automobile. The complaint alleges that by taking this course of action the truck driver failed to avail himself of the last clear chance of avoiding the accident.

 A summary judgment is never warranted unless it is clear that no genuine issue as to any material fact remains for trial. Chappell v. Goltsman, 5 Cir., 186 F.2d 215, and cases cited. The case of the plaintiff may not be a particularly strong one. It may be that upon a trial she will be found negligent. It may be that her contention that the truck driver could have avoided the collision by the exercise of ordinary care will not be accepted. Upon either, or both, of these grounds she may be barred of recovery, and as to this we express no opinion. Determination of these questions should await a trial upon the facts. We do hold that the present record fails to establish that there are no grounds for genuine dispute as to these material issues. There are fact issues in the case which should be resolved and settled by trial, and the disposition of the plaintiff's claim by summary judgment was erroneous.

Judgment reversed.