**Fay SLAGLE, a widow, etc. and The Service Mutual Insurance Company of Texas, Appellants,**

**v.**

**UNITED STATES of America and Texas Air National Guard, Appellees.**

**No. 15528.**

United States Court of Appeals
Fifth Circuit.

Jan. 17, 1956.

Edward Southerland, Bonham, Tex., C. F. Schweppe, San Antonio, Tex., Cunningham, Cole & Southerland, Bonham, Tex., Schweppe, Schweppe & Allison, San Antonio, Tex., for appellants.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee U. S.

Billy E. Lee, Asst. Atty. Gen. of Texas, John Ben Shepperd, Atty. Gen., of Texas, Sam C. Ratliff, Asst. Atty. Gen., for appellee Texas Air National Guard.

Before HOLMES, RIVES and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Fay Slagle, a mental incompetent through her duly appointed guardian, and another appeal from an order of the District Court dismissing the complaint on motion of the defendants, the United States and the Texas Air National Guard. The parties have conceded that the Texas Air National Guard should be eliminated and that the order as to it should be affirmed. The motion of the United States was under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., based upon the contention that the complaint failed to state a claim upon which relief could be granted.[1] The motion

was accompanied by affidavits while the plaintiffs produced no affidavits, asserting their inability to do so and asking further time for that purpose.

William Slagle, husband of appellant Fay Slagle, was an employee of Lone Star Boat Manufacturing Company in Dallas County, Texas. On February 2, 1954 he was fatally injured when a jet plane from Hensley Field, Grand Prairie, Texas, crashed into the building in which he was working. The widow, along with The Service Mutual Insurance Company of Texas, insurer-subrogee of the Boat Company under Workmen's Compensation Laws of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., brought action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, against the United States of America and Texas Air National Guard. The complaint charged that the plane belonged to the defendants, was maintained, controlled and operated by the defendants; and that the defendants, acting through their servants and agents, were negligent in the maintenance and operation of the plane, which proximately caused the fatal injury sued on.

Appellee, the United States, moved to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. The motion asserted that the pilot of the jet plane was a member of the Texas Air National Guard acting under the exclusive command of that agency of the State of Texas and was not an officer or employee of the United States. Attached to the motion were affidavits by the commanding officer of the United States Air Force installation at Hensley Field and by the pilot of the

---

1. It sought further to inject the question of jurisdiction by averring in its motion that the pilot of the plane doing the damage was not employed by it. This ground is hardly worthy of discussion because the Court below certainly had jurisdiction of the case stated in the complaint to enforce liability under the Federal Tort Claims Act. What the Government is in reality asserting is that the charge in the complaint that the pilot was an employee of

the United States was not true. Without doubt the Court had jurisdiction to hear the facts of that dispute and enter judgment on those facts. Moreover, this ground of the motion ignores the other charges of negligence—ownership of the plane, failure to maintain, etc.—which invested the Court with jurisdiction. The point is not supported by any case cited to it and is devoid of merit.

plane which crashed; in addition, were attached certified copies of a portion of the special order from the Adjutant General of Texas appointing the pilot as an officer in the Texas Air National Guard, and the flight order dated February 2, 1954 from the operations officer under whose supervision the flight was alleged to have been made.

These affidavits disclosed in general terms that the Texas Air National Guard utilized and controlled a portion of Hensely Field, a Government facility, under a right of entry; that the Texas Air National Guard was administered, armed, uniformed, maintained and equipped by and at the expense of the State of Texas and not by the United States; and that the Texas Air National Guard was not under the control of the commanding officer, an employee of the United States. The affidavit of the pilot set out that he was an officer in the Texas Air National Guard, received his orders from the governor of Texas and was under such orders on February 2, 1954, at the time the jet plane he was flying crashed into the building in which Slagle was killed.

Appellants responded to this motion to dismiss by a pleading, reiterating substantially what had been charged in the complaint,—that the pilot and the others whose negligence was averred were the agents, employees, officers and servants of the United States. This response stated also that affidavits controverting those filed on behalf of the Government could not then be attached since the facts were peculiarly within the knowledge of the Government, were obtainable only by legal process and that plaintiffs did not have sufficient time to avail themselves of these processes and meet the motion to dismiss on the date set for its argument.

The complaint was filed and served November 1, 1954, which gave the United States sixty days within which to plead. Rule 12(a), F.R.C.P. Instead of taking the full sixty days, the Government filed and served its motion to dismiss on December 6th, setting it down for hearing on December 20th. On December 9th, the Court was advised by appellants that it would not be possible for them to take the steps necessary to get ready for trial on that date, assigning the reasons above mentioned. The Court below declined to grant the additional time, but proceeded to hear and sustain the motion, dismissing with prejudice on December 20th, fourteen days after it was served.

Appellants argue that the Court committed error in sustaining the motion to dismiss on the record then before it, and also erred in sustaining the motion in the face of their request for additional time to procure affidavits or other testimony. We agree. The District Court apparently did not elect to consider the Government's motion as one for summary judgment, but proceeded to dispose of it under Rule 12 (b) (6) as presenting solely the question whether the complaint failed "to state a claim upon which relief can be granted". This attitude and action reduced the issue to a question of law such as would have been raised by demurrer under the old practice.

■■ The complaint stated a simple and indubitable case under the Federal Tort Claims Act[2] and the motion

2. These excerpts from the complaint contain the pertinent allegations:
   "On or about February 2, 1954 a jet plane * * *, belonging to the defendants, and while it was being operated by an officer, agent, servant and employee of the defendants, and acting within the course and scope of his office or employment, negligently and carelessly crashed into the property occupied by Lone Star Boat Manufacturing Company * * *.

"Plaintiff says that upon the occasion in question, the defendants, its officers, agents, servants and employees, acting within the course and scope of their employment, negligently and carelessly operated said airplane in that they failed to have and maintain proper control thereof; that they failed to have said airplane in a proper state of repair; that they operated said airplane at a low and unsafe altitude. Each of said acts of negligence

challenging those allegations is without a vestige of merit. But it is clear that the Government did not intend that the motion should be decided on the complaint alone, but on the complaint and the affidavits attached to its motion to dismiss. But that is not permissible unless it be made so by invoking the last sentence of Rule 12(b).[3] Neither the Government nor the Court below seemed disposed to treat the motion as coming within the quoted provisions of that Rule. What the Court of Appeals of the District of Columbia said when faced by a similar situation[4] condemns the order of dismissal:

"The defendants moved to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted, and supported the motion with an affidavit of the president of the Union. * * * Such an affidavit cannot be treated, for purposes of the motion, as proof contradictory to well-pleaded facts in the complaint. There is a great difference between discovering whether there be an issue of fact and deciding such an issue. The affidavit can be used for the former purpose but not for the latter. Thus, if a fact be averred in the

complaint and contradicted in the affidavit, the latter version cannot be accepted by the court for the purposes of a motion to dismiss. * * *

"* * * On the record as it now stands, the only questions are whether the complaint and the affidavit show that there are genuine issues of material facts and whether the complaint, if proved as averred, states a claim for which relief can be granted."

■ We will assume, in this portion of the opinion, that the Court below followed the procedure quoted above from Rule 12(b)[5] and treated the motion as if it were filed under Rule 56 governing summary judgments. The Government does not fare much better under this Rule, for several reasons.[6] It is clear that the Government's affidavits, taken together with the complaint, show the presence, rather than the absence, of genuine issues as to material facts, e. g. whether the Government did in fact own, maintain, control or operate the plane causing the damage. The language of Chappell v. Goltsman, supra, controls, that being a case where we treated a motion to dismiss under Rule 12(b) (6) as if it were under Rule 56:

was a separate act of negligence and each caused and contributed to cause the collision in question."

3. Rule 12(b):
"* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

4. Farrall v. District of Columbia Amateur Athletic Union, 1946, 80 U.S.App.D.C. 396, 153 F.2d 647, 648 et seq., followed by this Court in Chappell v. Goltsman, 5 Cir., 1950, 186 F.2d 215.

5. It is doubtful if the Government had, by its motion to dismiss, brought itself with-

in the ambit of that procedure because it embraces only those cases where "*matters outside the pleadings*" are presented by the affidavits. Such a situation was involved in our case of Chappell v. Goltsman, supra, Note 4, where the affidavits supported affirmative defenses not mentioned in the complaint. But that is not true here. The Government's affidavits deal with matters, not "outside the pleadings" but with matters offered in direct contradiction of the facts properly pleaded in the complaint, the only pleading before the District Court.

6. Rule 56(c) provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

"But disputed issues of fact cannot be resolved by affidavits, nor may affidavits be treated for purposes of the motion for summary judgment as proof contrary to well pleaded facts in the complaint. * * * Summary judgment is authorized 'only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try'. * * * It is no part of the court's duty to decide factual issues but only to determine whether there are any such issues to be tried." 186 F.2d 218. [Citing cases.][7]

■ Moreover, the affidavits do not conform to the requirements of Rule 56(e)[8] and do not meet all of the allegations of the complaint, and, as to those dealt with, do not contain such explicit, categorical and complete denials as are requisite to satisfy the summary judgment rule. (See Note 7.)

■ The District Court erred in employing such haste in bringing the motion to a hearing under the circumstances above outlined which negative any charge of negligence on the part of appellants. The very terms of the quoted obligation to treat such motions under Rule 12(b) as if they had arisen under Rule 56 provide that: "All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56". And Rule 56(f)[9] bids the courts to exercise a spirit of liberality in granting time enough for the parties reasonably to develop the full facts upon the issues presented. Aside from the solicitude with which courts normally deal with the rights of persons under disability, it was manifest on the face of the situation that appellants would be almost entirely dependent upon utilizing the exploratory facilities provided by the Rules to develop their facts from the records and the employees of the Government. This is a circumstance universally considered as giving a party a peculiar claim to delay sufficient for the orderly discovery and development of the facts. 6 Moore's Federal Practice, Pages 2343 et seq.

In Hyman v. Regenstein, supra, we felt that the general circumstances surrounding the case made it desirable that it be sent back for disposition on the merits rather than upon motion for summary judgment. And the Court of the third circuit[10] followed the same

7. And see to the same effect Williamson v. T. S. C. Motor Freight, Inc., 5 Cir., 1953, 203 F.2d 257; Hoy v. Progress Pattern Co., 6 Cir., 1954, 217 F.2d 701, 703; Hyman v. Regenstein, 5 Cir., 1955, 222 F.2d 545, 549.

Professor Moore, in his treatise on Federal Practice, epitomizes the rule thus: "And the burden is upon the moving party to establish the lack of a triable issue of fact; 'all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized'." 6 Moore, Page 2070–1. And see, to the same effect, 6 Moore, Pages 2339, et seq. Among the factors to be considered by a court dealing with summary judgment these are enumerated (Vol. .6, Page 2341): the need for cross-examination by the opposing party in relation to any evidentiary material, the general desirability of demeanor testimony, access to proof by the opposing party and general desirability that the case receive the full exploration of a trial.

8. "Supporting and opposing affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

9. 56(f): *"When Affidavits are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

10. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1022.

principle in reversing a summary judgment, saying, "This case illustrates the danger of founding a judgment in favor of one party upon his own version of facts within his sole knowledge as set forth in affidavits prepared *ex parte*. Cross-examination of the party * * * by the other party frequently bring forth further facts which place a very different light upon the picture."

 And, for like reason, we reversed a summary judgment on the ground that the trial judge was advised, from the offer of a deposition assumed to be procedurally defective, that a continuance would enable the litigant to procure important evidence. Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305, 307. Our language there fits this situation: "Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists. * * * While therefore, it does not appear from the record that the transcript of Jones' testimony was in any manner defective or why its offer was refused, this is, we think immaterial. For the offer of the transcript certainly apprised the judge that there was relevant and important evidence which defendant appellant could and would tender on the trial and notwithstanding this, he was refused a continuance to get the evidence and the matter was pressed at once and erroneously, to summary judgment."

Proper practice would suggest that the motion to dismiss be overruled and that appellants be given reasonable time after the issues have been clarified by answer, to pursue the salutary processes provided by the rules for discovering and presenting proof upon those issues. The clearing of court dockets is one of the desiderata in the judicial function. But it should not be allowed to become a fetish for it does not rank with the *raison d'être* of courts,—the administration of justice based upon a full and fair disclosure of the facts.

The order appealed from is affirmed insofar as it dismisses the complaint without prejudice as to the Texas Air National Guard; and it is reversed insofar as it dismisses appellants' action against appellee, the United States, and is remanded for further proceedings in conformity with this opinion.

Affirmed in part and in part reversed and remanded.