There was no testimony showing that appellant took any dresses from the store or put any dresses in her automobile.

In view of the testimony of its witness Rafaela Zavala Lazo, the State is in no position to say that the finding of the dresses in appellant's automobile showed her to be in possession of recently stolen property.

The evidence is deemed insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

**ARGONAUT UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**Cecil ELLIS, Appellee.**

**No. 3524.**

Court of Civil Appeals of Texas.

Eastland.

March 11, 1960.

See also 320 S.W.2d 917.

———◆———

Harris, Anderson, Henley & Rhodes, Dallas, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

WALTER, Justice.

Appealed from the County Court of Nolan County.

Cecil Ellis recovered judgment for $156 in a nonjury trial against Argonaut Underwriters Insurance Company for medical expenses under the Workmen's Compensation Law, Section 7 of Article 8306, Vernon's Ann.Civ.St.

The insurance company has appealed from such judgment, contending the court erred in entering judgment for Ellis because (1) Ellis had theretofore filed his compensation suit in the federal court and failed to sue for medical expenses in such suit and said judgment is res judicata as to medical expenses, (2) Ellis made an election by filing a cross-action in his common-law action growing out of the same accident and recovered a judgment and his election to prosecute his common-law action barred him from recovering anything further, (3) Ellis failed to prove notice of his injury to the insurance company, (4) Ellis failed to have his physician certify his need for further medical attention during and after the fourth week, (5) a portion of Ellis' medical expenses was incurred more than 91 days after the date of his accident and (6) there was no evidence that one of the doctor's bills was reasonable.

Ellis concedes in his brief that the insurance company's points numbers 4, 5 and 6 are good and requests that the judgment be reformed awarding him $54 instead of $156 for medical expenses incurred during the first four weeks.

Ellis brought this suit for medical expenses incurred by him as a result of an accident which occurred on November 20, 1956, while he was driving a truck for Golden Motor Company. Ellis filed his compensation suit for disability and obtained a judgment dated December 9, 1957, against the insurance company in the federal court. Ellis did not sue for his medical expenses in his federal court case. In December, 1957, the insurance company assigned to Ellis its subrogation rights under Section 6a of Article 8307 of the Vernon's Ann.Civil Statutes. Ellis thereafter on May 28, 1959, recovered a judgment for $7,000 against the negligent third party in his common-law action.

Has Ellis by proceeding to judgment in his common-law action for damages against the negligent third party made such an election as would bar him from recovering his medical expenses under our workmen's compensation law? We hold that he has made such an election as would bar him from recovering in this case. In the case of Texas Employers' Insurance Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982, 983, the Commission of Appeals held "While an election to proceed against the insurer for compensation does not altogether bar an action by the employee for damages against a negligent third person, an election to proceed at law against such person is a bar to the employee's right to compensation. Employers' Indemnity Corporation v. Felter, (Tex.Com.App.) 277 S.W. 376." The express language of Section 6a of Article 8307 is " * * * the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law."

The judgment of the trial court is reversed and here rendered that the appellee take nothing from the appellant.