**NACIREMA OPERATING COMPANY, Inc., and Travelers Insurance Company, Plaintiffs,**

v.

**Nicolas ANDRUZZI, Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, Third Compensation District, Defendant,**

**Benjamin Adamczyk, Intervenor.**

**Civ. A. No. 27762.**

United States District Court
E. D. Pennsylvania.
July 14, 1960.

John B. Hannum, 3rd, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., Henry R. Heebner, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

Freedman, Landy & Lorry, Alan J. White, Philadelphia, Pa., for intervenor.

KRAFT, District Judge.

This action by the employer and its insurance carrier under Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. A. § 921(b), seeks an injunction restraining the defendant from enforcing an award of compensation to the intervenor and an order directing the vacation of that award and the dismissal of intervenor's compensation claim.

On March 16, 1960, leave was granted Benjamin Adamczyk, compensation claimant, to intervene as a party to this action.

The matter is now before us on defendant's motion for summary judgment upon the following undisputed facts:

Adamczyk, a longshoreman in the employ of Nacirema Operating Company, Inc., was injured on May 24, 1958, in the course of his employment aboard the S.S. "F. E. Weyerhaeuser", which was then docked at Pier 179 North, Philadelphia, Pa. His injury totally disabled him until December 5, 1959 and no determination of the extent of his disability after that date has yet been made.

Plaintiffs paid Adamczyk compensation, without an award, from May 25, 1958 to October 3, 1959, inclusive, as well as his medical, hospital and sundry expenses during that period.

On September 21, 1959, Adamczyk instituted an action against Weyerhaeuser Steamship Company for damages for the same injuries. Thereupon, the compensation insurance carrier, through its attorney, notified Adamczyk on October 6, 1959 that he was no longer entitled to compensation or medical care, because he had instituted his suit against Weyerhaeuser and, accordingly, suspended the compensation benefits as of October 4, 1959.

On October 6, 1959, Adamczyk filed with the Bureau of Employees' Compensation, United States Department of Labor his claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act.

Thereafter, Adamczyk and the insurance carrier submitted briefs on the single question whether or not the institution of his action against Weyerhaeuser suspended his right to compensation. On February 19, 1960, defendant made an award and entered an order directing plaintiffs to pay Adamczyk $486.00 forthwith, representing compensation to December 5, 1959, and continuing the case for future consideration of further disability.

Plaintiffs contend that the award and order are contrary to law because plaintiffs, at the time of claimant's injury and of the commencement of compensation payments by the plaintiffs, had the right, under Section 33(a) of the Act, to suspend such payments when the claimant instituted his action against Weyerhaeuser; and that, although the law was amended on August 18, 1959, such amendment "does not retroactively apply to claims arising before its passage".

Prior to that amendment Section 33 (a) of the Act, 33 U.S.C.A. § 933(a), provided:

"If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person."

The amendment of August 18, 1959, so far as is here pertinent, eliminated the requirement of election.

■■■ Plaintiffs do not contend that claimant made an election prior to the effective date of the amendment; nor did claimant's acceptance of compensation operate as an election. American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011. Clearly, we think, no right of the plaintiffs against the claimant had vested or accrued under the statute before the amendment. The Deputy Commissioner's award, therefore, does not contravene the general mandate against retroactive construction of statutes. Where, as here, no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date, even though the condition results from events which occurred prior to that date. "A statute is not retrospective * * * because a part of the requisites for its action is drawn from a time antecedent to its passing": Endlich, Interpretation of Statutes, Sec. 280. "However, a statute is not regarded as operating retroactively because of the mere fact that it re-

lates to antecedent events, or draws upon antecedent facts for its operation": 50 Am.Jur., Statutes, Sec. 476. "A statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends, or some of them, are drawn from a time antecedent to the enactment": Reynolds v. United States, 292 U.S. 443, 54 S.Ct. 800, 803, 78 L.Ed. 1353; See, also, 59 C.J., Statutes, Sec. 690; 82 C.J.S. Statutes § 412.

Plaintiffs argue that when the insurance carrier commenced compensation payments to claimant shortly after the injury of May 24, 1958, they had the legal right, inter alia, "to suspend payments if the claimant elected to sue the third party", and that such right was substantive. That right to suspend was conditioned, however, upon the exercise by the claimant of his right to elect to sue Weyerhaeuser and, since the claimant did not so elect before the effective date of the amendment, that right never vested. It is wholly irrelevant to the present inquiry, therefore, to speculate whether that right, had it vested, would have been substantive or remedial in nature.

Plaintiffs rely strongly upon Toomey v. Waterman S. S. Corporation, 2 Cir., 1941, 123 F.2d 718, 721. There, the claimant accepted compensation without an award. *Under the law then effective,* acceptance of compensation with or without an award operated as an *assignment* to the employer of the employee's right, and thus prevented suits thereafter by the employee against the third party. The law was amended in 1938 to provide that only acceptance under an award operated as an assignment. After the amendment, claimant brought suit against the third party. The court, in granting defendant's motion to dismiss, held:

"While Section 933(b) was amended on June 25, 1938, the amendment occurred after all but one of the payments of compensation had been made. Section 933(b) as it stood prior to amendment, in

our opinion, governed the case and did not apply in its amended form or operate retroactively."

The distinction between the two cases is readily apparent. In Toomey, *there was an assignment to the employer of the claimant's rights prior to the effective date of the amendment.* Application of the amendment, therefore, would have operated to destroy a vested right. If the claimant in the instant case had made an election prior to the amendment, the ruling in Toomey might well have applied.

Counsel for defendant and intervenor have referred us to many cases involving analogous situations arising under state compensation acts. While these decisions, in end result, are not at variance with our determination in the instant case, all of them proceed upon the assumption that the amendment was procedural in character and thus may be given retroactive application. As we view the matter, no question of retroactive construction is actually presented.

Defendant's motion for summary judgment will be granted on submission of appropriate order.