392 P.2d 667

Frank H. GRAHAM, Plaintiff-Appellant,

v.

George N. ASHLEY, Jr., and Catherine Ashley, his wife, Walter A. Mollier and Eulolia Mollier, his wife, Defendants-Appellees.

No. 7386.

Supreme Court of New Mexico.

June 1, 1964.

J. B. Newell, Las Cruces, for appellant.

Shipley, Seller & Whorton, Alamogordo, for appellees.

CARMODY, Justice.

Plaintiff in the trial court sought reimbursement for the value of improvements made upon certain lots which he was attempting to buy, and appeals from the judgment rendered in favor of the defendant-owners.

Attack is made upon certain of the findings of the trial court as not supported by substantial evidence. However, even though the attack is made upon several of the findings, our disposition of the questions relating to agency and the authority of the alleged agent is determinative.

The defendants owned certain lots in Ruidoso, New Mexico. About six months before the facts of the present controversy arose, the Leland Realty Company asked the defendant, George Ashley, if the lots were for sale. The offeror at that time would not pay the price which Ashley set, so no further action was taken. The realty company never at any time had a listing from Ashley for the sale of the lots. The instant controversy arose when the plaintiff below asked the realty company if he could purchase the lots for $6,000. An agent of the realty company telephoned Ashley in El Paso and Ashley orally agreed to sell the lots for $7,500 and to pay a real estate commission out of this amount. This information was conveyed to the plaintiff Graham and a check was written for the sum of $7,500, placed in the bank, and at about the same time the agent of the realty company prepared a deed which was sent to Ashley for his signature and those of the other owners. After the check was placed in the bank, the realty company's agent gave the plaintiff permission to dump certain fill on the lots so as to make a parking area for his bar. Within a few days, the other owners refused to sell the property and, upon going to Ruidoso, found that the plaintiff had been placed in possession and had completed the fill.

The trial court found that at no time did the defendants employ the Leland Realty

Company to find a purchaser nor to sell the lots, that at no time did the defendants authorize the realty company to deliver possession of the lots, and that the plaintiff in making the fill did so without the knowledge or consent of any person lawfully authorized to act as agent for defendants.

■ There is no question but that the plaintiff acted in good faith, thinking that he had purchased the lots. Nevertheless, the testimony before the trial court by the defendant Ashley was that he never considered the realty company as his agent to sell the lots, but on the contrary thought the company was trying to secure an agreement for a proposed purchaser. Ashley's testimony is positive that he never authorized the realty company to act as his agent, or as agent for the other defendants, either in the sale of the lots or in authorizing possession of the same. In part at least, this testimony was corroborated by one of the representatives of the realty company. Under the above-mentioned testimony, we are of the opinion that there was substantial evidence upon which the trial court based its findings.

■ The plaintiff seems to contend that an agency was established by operation of law under the facts of the case, and relies to some extent upon Kennedy v. Justus, 1958, 64 N.M. 131, 325 P.2d 716. There is no question, at least in this jurisdiction, that an agent need not be authorized in writing in order to enable him to bind his principals to contracts within the statute of frauds. This, however, is not the point at issue here. The trial court found on substantial evidence there was no agency. Thus the plaintiff's reliance upon Kennedy v. Justus, supra, is of no avail.

Plaintiff also strongly relies upon Lyvers v. Rutherford, 1935, 230 Mo.App. 921, 80 S.W.2d 729, but that case avails him nothing, because there again the court determined that there was an agency and that the agent was authorized to allow the purchaser to go into possession and make improvements.

■ Our cases are almost without number, and it requires the citation of no authority, that the findings of the trial court, based upon substantial evidence, will not be set aside by us. Although there was evidence or reasonable inferences flowing therefrom which might have justified the trial court in finding the agency claimed by plaintiff, nevertheless it did not so find and this is dispositive of the case.

Other issues are raised, but by our resolution of the above issue, it is unnecessary for us to discuss them.

The judgment will be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.