618 P.2d 366

Frank SEMINARA, Plaintiff–Appellant,

v.

FRANK SEMINARA PONTIAC–BUICK, INC. and Fireman's Fund Insurance Company, Defendants–Appellees.

No. 4449.

Court of Appeals of New Mexico.

Sept. 23, 1980.

James R. Toulouse, Toulouse, Toulouse & Garcia, P. A., Albuquerque, for plaintiff–appellant.

Carlos G. Martinez, Shaffer, Butt, Thornton, Baehr, P. C., Albuquerque, for defendants–appellees.

## OPINION

ANDREWS, Judge.

Plaintiff–appellant, Frank Seminara, is the president and managing officer of defendant–appellant, Frank Seminara Pontiac Buick, Inc. Mr. Seminara was injured, when on November 24, 1972, his car was rear–ended as he was returning home with a demonstrator model of the automobiles he sold. The subsequent action filed against the third–party tortfeasor by Seminara on August 2, 1973, alleged present and future medical damages as well as pain and suffering. The action proceeded to the jury which returned a plaintiff's verdict with a judgment for zero damages.

On August 27, 1979, Mr. Seminara filed this action against the corporation of which he is president, and its insurer, Fireman's Fund. The complaint alleged an accident arising out of his employment, that the disability he complained of was a natural consequence of the accident, and that defendant employer had actual notice of both the injury and some $3,000 in medical bills. The answer which defendants–appellees filed set forth a variety of defenses–included where: (1) failure to state a claim; (2) injury not within the scope of employment; (3) failure to give proper notice; and, (4) laches, waiver or estoppel.

In a motion for summary judgment, the trial court held that collateral estoppel barred plaintiff's recovery–in effect, that plaintiff had sought his relief from the third–party tortfeasor, and that the relief he received barred any recovery under workmen's compensation.

There are three major workmen's compensation schemes which provide for election of remedies in third–party tortfeasor situations, one allowing the option with the claimant and the other two forcing election of remedies:

(1) Where the claimant is allowed to proceed against the tortfeasor (third–party) and also seek compensation benefits.[1]

(2) Where the claimant is allowed the election of either remedy, (i. e., where a tort suit bars compensation claims, and where compensation claims bar a tort suit);[2] and

(3) The occasional situation where the claimant is given only one option, (i. e. in Texas, a prior tort suit against the third party bars a later compensation claim, but a compensation claim does not bar the subsequent tort action.)[3]

In New Mexico we have a form of the third. Our election has been held to work one way–it bars a subsequent compensation action once a tort suit has been brought.

■ The general rule is that where a claimant has sought relief from a third–party tortfeasor, "the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole." *Castro v. Bass*, 74 N.M. 254, 258, 392 P.2d 667 (1964). Thus, any subsequent compensation claim is barred. However, a twist has developed. Our statute has been held only to bar the later compensation action where the claimant wins the tort action.[4] As stated in *Brown v. Arapahoe Drilling*, 70 N.M. 99, 370 P.2d 816:

\* \* \* Admittedly, if Brown's administrator had recovered in the third–party action, *White v. New Mexico Highway Commission*, supra, would be controlling; *but here there was a judgment for the defendant, entered after a jury trial*, and therefore no one has 'received payment or recovered damages' and also claimed compensation. The statute plainly intends to prevent dual recovery, and we do not believe that an erroneous selection or election of remedy should be construed as forever terminating the right to receive the benefits of the Workmen's Compensation Act. (Emphasis added.)

■ Plaintiff–appellant argues that *Brown v. Arapahoe Drilling, supra*, supports the proposition that "since there had been no recovery at all against the third party [in the instant action] any workmen's compensation from the employer would hardly be a double recovery. Since the statute seeks to prevent double recovery, *Brown, supra*, in such cases there should be an award of compensation. An analysis of the underlying rationale of *Castro v. Bass, supra*, sheds some light on this proposition:

[B]y accepting compensation which in no sense is considered as representing full compensation for injuries, no election of remedies could have been intended by the

1. *See Foster v. Buckner*, 203 F.2d 257 (6th Cir.1953), *cert. denied*, 346 U.S. 818, 74 S.Ct. 30, 98 L.Ed. 345; *cf. Nacirema Operating Co. v. Andruzzi*, 185 F.Supp. 344 (E.D.Pa.1960) (Where following the elimination of election of remedies under the Longshoremen's and Harborworkers' Act, 33 U.S.C. § 933(a) by an amendment of August 18, 1959, the court held that the employee's suit against a third–party tortfeasor related back to voluntary payments begun before the amendment.)

Other jurisdictions which follow this scheme are: Alaska, Connecticut, Georgia, Iowa, Illinois, Indiana, Kansas, Louisiana, Michigan, New York, North Carolina, Pennsylvania, Tennessee, and Wisconsin.

2. Among the jurisdictions which subscribe to this scheme are: Arizona, Colorado, Delaware, Idaho, Maine, Massachusetts, Maryland, Oklahoma, and Rhode Island. (Note, however, that in Arizona and Colorado if the amount of the third party recovery is less than the amount due for compensation, the claimant can recover the difference from his employer. Ariz.Rev. Stat.Ann. § 23–1023 (1956); Colo.Rev.Stat. Ann. § 81–13–8 (1963).

3. *Compare Argonaut Underwriters Ins. Co. v. Ellis*, 335 S.W.2d 388 (Tex.Civ.App.1960) (barring compensation claim after third party tort action did not include medical expenses), *and, Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865 (1952) (which did not bar recovery in the other direction.)

4. Although there are isolated cases of jurisdictions adopting this theory (*see*, footnote 6) the underlying theory seems slightly different than that which exists in New Mexico.

legislature. On the other hand, *when damages are sought and recovered from the tort–feasor, the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole. See Jackson v. Southwestern Public Service Company*, 66 N.M. 458, 349 P.2d 1029; 15 Am.Jur. 400, Damages, § 12; 25 C.J.S. damages § 17, p. 471. Accordingly, a different result follows, and as was said in *Kandelin v. Lee Moor Contracting Co.*, supra, § 59–10–25, N.M. S.A.1953, is intended to deny an injured workman both compensation from his employer and a recovery from the third party, and if he has collected from the negligent party causing the injury he cannot thereafter recover compensation. (Emphasis added.)

*Id.* at 74 N.M. 258, 392 P.2d 667.

Thus, although plaintiff's argument is persuasive, it is not as clear as it appears on its face. In the *Brown* case, there was a judgment against the claimant. The decision for the defendant meant that there had been no award of damages. This may be a critical distinction–for in that case the claimant had never been awarded the fair value of his injuries. In the instant action there was a decision for the claimant where the jury did award what it felt was the full value of injuries.

The question is, therefore, whether *Castro v. Bass, supra*, should be read as stating that an award by a jury in a tort action would always be equal to or more than the value of the compensation award which might have been pursued. The analysis in the case lends itself to two possible conclusions. *Castro v. Bass, id.*, may be read as stating that when damages are sought and recovered from the tortfeasor, the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole. *Id.* at 74 N.M. 258, 392 P.2d 667. In such a situation, claimant should not be allowed to seek compensation after the tort action because he has had his day in court, and the jury has

made an award for all injuries. However, an award of zero damages might, under an alternative reading, be treated like a loss.[5] Thus, the reasoning in *Brown* that "no one has received payment or recovered damages," would be applicable. A claimant would have effectively elected a non–existent remedy,[6] and since a prior choice of mistaken and non–existent remedy is not an election–it would not prejudice his rights.

We believe, however, that the correct view of the state of our statute is discussed in Larson, *The Law of Workman's Compensation* Vol. 2A:

§ 73.21 Unsuccessful prosecution of one remedy. If, in these states, the election became binding only upon the actual receipt of the proceeds of the other remedy, the doctrine would be less harsh. The unfortunate thing about the election principle is, however, *that in some of these jurisdictions an election to follow a remedy which proves to have been worthless and mistaken bars resort to the correct remedy when the truth is known.* In other words, a workman who is supposed to be within the protection of the beneficent system of workmen's compensation can lose both compensation and common–law rights by making a bad guess as to which is the appropriate remedy. If he thought his injury arose out of and in the course of this employment, and so applied for workmen's compensation, and if it turns out that he was wrong, he may find that his "election" has forfeited his right to sue the third–party tortfeasor–in spite of the fact that, as the first chapters of this book will show, there is frequently ample scope for difference of opinion among courts and experts on that crucial issue of work–connection. Conversely, if he honestly thought he had a good case against a third–party tortfeasor, and if it turns out that he could not establish negligence, or that the accident was not caused in the manner he supposed, he

5. *See generally, Christman v. Voyer* (Ct.App. May 7, 1979), 595 P.2d 410.

6. *Cf. Tate v. Dickens*, 276 App.Div. 94, 93 N.Y. S.2d 504 (1949).

may discover that his compensation rights have been lost because of the mistaken choice of remedy.

The fault here lies mostly in the statutes themselves, which frequently require the election in no uncertain terms; but it would not have been outside the power of the courts to prevent these forfeitures, if they had been so inclined, by applying the doctrine that an election of a nonexistent remedy is not an election. This rule has been applied in an analogous election situation: a mistaken election to sue an uninsured employer, which suit resulted in a verdict for the defendant. *It is generally held that, in such a case, the prior choice of a mistaken and nonexistent remedy is not an election* and cannot prejudice the employer or insurer. (Emphasis added.)

It is the non—existence of the attempted remedy which undercuts the election theory when an incorrect election of remedies is made. To accept the appellant's argument here, we would necessarily have to determine that his remedy in the tort action was non—existent—this we cannot do. It was obviously the correct forum, the injury did occur as he alleged it had, and the jury considered and awarded appropriate damages. The remedy, although unfortunate, did exist.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, Judge (dissenting).

I dissent.

On August 2, 1973, plaintiff sued Gonzales for damages arising out of an automobile collision. The jury having returned with a verdict of zero damages in favor of plaintiff, judgment was entered in favor of plaintiff for zero damages.

On August 27, 1979, plaintiff filed a workmen's compensation claim against defendants arising out of the Gonzales accident for medical expenses and attorney fees. The trial court awarded defendants

summary judgment on the theory of collateral estoppel and plaintiff appeals. We should reverse.

"Collateral estoppel means that when an issue of ultimate fact has been decided by a valid judgment, that issue cannot be litigated again between the same parties." *Phillips v. United Serv. Auto. Ass'n,* 91 N.M. 325, 328, 573 P.2d 680 (Ct.App.1977); *State v. Nagel,* 87 N.M. 434, 535 P.2d 641 (Ct. App.1975). "Thus, the application of collateral estoppel requires an identity of parties in the prior and subsequent litigation." *State v. Rogers,* 90 N.M. 604, 607, 566 P.2d 1142 (1977).

Inasmuch as the parties in the prior and subsequent litigation were not the same, collateral estoppel is not applicable.

Summary judgment is also erroneous under § 52–1–56(C), N.M.S.A. 1978 of the Workmen's Compensation Act. It reads:

The right of any workman * * * for injuries occasioned to him by the negligence * * * of any person other than the employer * * * shall not be affected by the Workmen's Compensation Act, but he * * * shall not be allowed to *receive payment or recover damages* therefor and also claim compensation from the employer * * *. [Emphasis added.]

Plaintiff's claim against Gonzales for personal injuries was not affected by the Workmen's Compensation Act. Plaintiff was free to sue Gonzales. However, plaintiff was not allowed to recover damages from Gonzales for personal injuries and also recover "compensation" from defendants. Plaintiff sued defendants for medical expenses, and medical expenses are "compensation." *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975), Justice Oman dissenting. I agree with Justice Oman.

*Schiller* should be reconsidered in light of the following cases not heretofore cited, *Valdez v. McKee,* 76 N.M. 340, 414 P.2d 852 (1966); *Martinez v. Webster Brothers Wholesale Produce Co.,* 69 N.M. 375, 367 P.2d 545 (1961); *Garcia v. New Mexico*

*State Highway Department,* 61 N.M. 156, 296 P.2d 759 (1956), and the following statutory provisions.

Section 52–1–30(A) provides that:

Compensation shall be paid by the employer to the workman in installments. * * *

This section does not include medical expenses.

Section 52–1–49 provides for furnishing medical benefits to workmen after injury. No reference is made to "compensation." Section 52–1–41 and succeeding sections, except § 52–1–46 provide for "compensation benefits." No reference is made to "medical benefits."

Section 52–1–46, Compensation benefits for death, provides that if there are eligible or no eligible dependents, compensation includes funeral expenses and expenses for medical and hospital services. This is the only section in the Act wherein medical expenses are "compensation." No such reference appears when compensation results from injuries. The legislative intent makes this distinction. To judicially declare otherwise is not appropriate where legislative intent is clear. If *Schiller* is not overruled, the only solution to this perplexing problem is a legislative enactment that determines whether or not "compensation" includes "medical expenses."

Presently, plaintiff shall not be allowed to recover damages for personal injuries from Gonzales, a third person, and also recover medical expenses from defendants. Plaintiff recovered no damages from Gonzales. Therefore, plaintiff is entitled to recover for "medical benefits" to be furnished by the defendants. If plaintiff is entitled to recover "medical benefits," he is entitled to attorney fees. *Schiller, supra.*

The confusion that exists in this area of the law arises out of a misconstruction of § 52–1–56(C). It says that a workman "shall not be allowed to receive payment or recover *damages*" from a third person. In *Security Insurance Co. of Hartford v. Chapman,* 88 N.M. 292, 296, 540 P.2d 222 (1975), the court said:

This court has held that once an employee has recovered a *judgment* against a third–party tortfeasor, that employee may not thereafter claim compensation for the same injury. * * * [Emphasis added.]

Reliance is had on *Castro v. Bass,* 74 N.M. 254, 392 P.2d 668 (1964) and *White v. New Mexico Highway Commission,* 42 N.M. 626, 83 P.2d 457 (1938). In *Castro,* Justice Moise said:

[A]s was said in *Kandelin v. Lee Moor Contracting Co.,* supra, [37 N.M. 479, 24 P.2d 730 (1933)] § 59–10–25, N.M.S.A. 1953 [§ 52–1–56(C)] is intended to deny an injured workman both compensation from his employer and a recovery from the third party, *and if he has collected from the negligent party causing the injury he cannot thereafter recover compensation.* [Emphasis added.] [74 N.M. 258, 392 P.2d 667.]

*White* is replete with authority that if a workman first receives or obtains damages from a third person, the workman cannot thereafter obtain compensation from his employer. In other words, the collection of damages from a third person by way of judgment or the receipt of payment is a prerequisite to a bar of obtaining compensation from an employer in order to avoid double recovery. The fact that a workman obtains a judgment but does not receive, recover, or collect damages, does not bar the right to recover compensation. It is the equivalent of a judgment for defendant. Where a judgment is rendered for defendant, entered after a jury trial, no one who has "received payment or recovered damages," can also claim compensation. *Brown v. Arapahoe Drilling Company,* 70 N.M. 99, 370 P.2d 816 (1962).

In the instant case in which plaintiff obtained a judgment from Gonzales for zero damages, plaintiff had the right to seek compensation.

The summary judgment should be reversed.