ADOLPH RADIL, APPELLANT, v. MORRIS & COMPANY,
APPELLEE.

FILED JANUARY 4, 1919. No. 20847.

1. **Master and Servant: INJURY TO SERVANT: MEDICAL SERVICES.** Under section 3661, Rev. St. 1913, as amended, section 6, ch. 85, Laws 1917, an employer who offers to furnish without charge to an injured employee the reasonable services of a competent physician and medicines as and when needed, and within the value and for the time contemplated by the act, cannot be held liable for such services procured by such employee, who has unreasonably refused such offer by the employer and has obtained such services and medicines elsewhere.

2. ———: ———: ———: **STATUTE: CONSTRUCTION.** The general purpose of a proviso in a statute is to qualify the statute in part or in whole, but it is not always so used. The word "provided," as it is first used in section 3661, Rev. St. 1913, as amended by section 6, ch. 85, Laws 1917, has the same meaning that the conjunction "and" or "but" would have if used in its place.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Anson H. Bigelow,* for appellant.

*James C. Kinsler, contra.*

DEAN, J.

Plaintiff recovered an award from the compensation commissioner on account of an accidental injury sustained while in the employ of defendant at its packing house, and also $129 for expenses incurred for medical and surgical treatment by a physician other than the one regularly furnished by the employer. On appeal to the district court by defendant, the award for compensation was affirmed, but the medical service bill for $129 was disallowed. From that ruling plaintiff appealed to this court.

As a result of the accident a part of the second finger of plaintiff's left hand was bruised and fractured and

afterwards amputated at the first joint by the physician whose bill is the subject of inquiry here. It is conceded that amputation was necessary, and it is agreed that the only question to be decided is this: Did the court err in disallowing the bill for medical and surgical treatment under section 3661, Rev. St. 1913, as amended by section 6, ch. 85, Laws 1917? For relief both parties rely on section 3661, as amended, which follows:

"During the first twenty-one days after disability begins the employer shall be liable for reasonable medical and hospital services and medicines as and when needed, not, however, to exceed two hundred dollars in value, unless the employee refuses to allow them to be furnished by the employer: Provided, however, in cases of dismemberment or injuries involving major surgical operations, the employer shall be liable for reasonable medical and hospital services and medicines as and when needed beyond as well as within the twenty-one day period, not however, to exceed two hundred dollars in value: Provided, further, that where the injured employee refuses or neglects to avail himself of such medical or surgical treatment, the employer shall not be liable for any aggravation of such injury due to said neglect or refusal."

Plaintiff argues that, because an operation became necessary, he was therefore at liberty to make his own selection of a physician, and that defendant under the act became liable for the reasonable expenses so incurred. His argument is based in part on the 1917 amendment that begins with the word "provided," where it first occurs in the section under consideration, and ends with the word "value." He contends that the amendment is a proviso, and hence operates to except the clause covered by it from the enacting clause or to qualify it in some way. We do not think the authorities sustain his argument. It does not always follow that an amendment operates as a proviso in a technical sense merely because it is preceded by the term "provided." Wheth-

er it is a proviso in effect or merely a conjunction must in part be determined from the context and from all the provisions of the act relating to the same subject-matter. With this in mind, it seems that the word "provided," as used in the act, has the same meaning that the conjunction "and" or "but" would have if used in its place. With this interpretation, section 3661, as amended, seems to be in harmony with the entire act of which it forms a part. *Georgia Railroad & Banking Co. v. Smith,* 128 U. S. 174; 3 Words and Phrases (2d series) 1321.

The employer having been made liable for the services contemplated by the act, it seems from the language used that it must have been the legislative intent that he should be permitted to furnish a physician of his own choice, and if his selection is such as would satisfy a reasonable man under like circumstances the employee would not then be heard to complain. That is the general rule in manufacturing centers where employers' liability acts with provisions similar to ours were in effect before our act was adopted. *Pecott's Case,* 223 Mass. 546; *Keigher v. General Electric Co.,* 158 N. Y. Supp. 939; *Davidson's Case,* 228 Mass. 257; *In re McCaskey,* —Ind. App.—, 15 N. C. C. A. 113, note III, 116; *City of Milwaukee v. Miller,* 154 Wis. 652, Ann. Cas. 1915B, 847, 4 N. C. C. A. 149, L. R. A. 1916A, 1. The record shows that the physician furnished by the company and his assistant who administered first aid are in all respects competent physicians and surgeons.

Was plaintiff's conduct reasonable in the premises? It appears that immediately after the accident, at about 5 o'clock in the evening, plaintiff went with a foreman of defendant to the nearby office of the company physician, where, in his absence, first aid was administered by the assistant in charge, who told plaintiff to return that evening between 7 and 8 o'clock for further treatment by defendant's physician. Plaintiff never returned, and denied that he was requested to do so, notwithstand-

ing both the foreman and the assistant physician testified that the request was made. The next morning at 9 o'clock, on advice of his mother, he went to their family physician, and he from that time retained the case. Plaintiff attempted to justify his employment of a physician by criticising the first aid treatment that he received, but on this point he called a physician as a witness who approved the treatment so received in all essential particulars.

It seems to us that plaintiff's conduct was in effect and within the meaning of the act an unjustifiable refusal to allow defendant to furnish the reasonable services and medicines that the act contemplates, and that defendant is not therefore liable for the medical expenses that he incurred. We have examined the case *de novo*, and our conclusion is the same as that arrived at by the trial court. The judgment is therefore.

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.