WHITE ROCK MINERAL SPRINGS COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 11—November 5, 1929.*

124

*Emmet Horan, Jr.* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CROWNHART, J. The appellants contend that the award is not sustained by the evidence. The findings of fact of the commission cannot be set aside if there is any credible evidence to support them. There appears to be sufficient evidence to support the award for compensation for loss of time, and that cannot be disturbed, although it presents a fairly close question. In January, 1927, claimant had an operation on her nose, which undoubtedly disabled her to some extent. There is some credible evidence that such operation was necessitated by reason of her injuries received in June, 1924. The claimant and the doctor who performed the operation so testified. The evidence is not very satisfactory, but we think it sufficient to sustain the commission's award for loss of time.

But what warrant had the commission or the circuit court to allow the employee for medical and surgical attention by doctors of her own choice, selected without any request or demand upon the company for such service? The company, so far as there is any evidence on the subject, furnished the employee with a competent doctor and never at any time refused or neglected its duty in that regard. It never had any knowledge of the necessity for further medical treatment, and claimant never made any request of the company for such treatment.

It is the contention of the Industrial Commission and the court that the company failed and refused to furnish medical and surgical attendance by reason of having failed to furnish

its employee with a panel of physicians, from which she could make a selection, as provided by sub. (1) (b), sec. 102.09, Stats. That section provides:

". . . Where the employer has knowledge of the injury and the necessity for treatment, his failure to tender the same shall constitute such neglect or refusal. Failure of the employer to maintain a reasonable number of competent and impartial physicians, ready to undertake the treatment of the employee, and to permit the employee to make choice of his attendant from among them, shall constitute neglect and refusal to furnish such attendance and treatment."

This presents a question of law, as the facts are not in dispute.

It conclusively appears that the employer did not have any knowledge that the employee was in need of any further treatment than she had been tendered and had received. There was no evidence before the commission that a sufficient panel of physicians had not been furnished by the employer. The fact that the employer promptly took the employee to a nose specialist for treatment is no evidence of its failure to maintain a panel. That fact was evidence only of the employer's desire to fully comply with the purpose of the act in giving its employee prompt and suitable medical attention. If the employee was dissatisfied with the doctor furnished by her employer, she should have requested a panel of doctors from which to make a selection of another doctor. This she did not do, and there is no evidence that the employer did not provide such a panel or that it refused to furnish such a panel.

The purpose of a panel of physicians is to give the injured a choice of physicians. At the time claimant was injured she was in no condition to exercise a choice. When she had been given first aid she expressed no desire for such choice, and apparently was entirely satisfied until after she had quit

work, more than six months thereafter. The statute must be reasonably interpreted. If complaint is made that claimant was not given treatment required by the act, proof must be made of the fact before an award can go against the employer for expense of medical treatment by physicians of claimant's own choice, without the employer's knowledge or consent.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded to the circuit court, with directions to enter judgment affirming the award of the Industrial Commission for compensation in the amount of $58.50, and setting aside and vacating the award of the Industrial Commission allowing surgical and medical expense in the sum of $460, the appellant to pay the clerk's fees in this court.