[Civ. No. 21374.   Second Dist., Div. Three.   Jan. 10, 1956.]

JOHN S. SIMIEN, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

David L. Rosen for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

SHINN, P. J.—John S. Simien petitions for review of part of an award of the Industrial Accident Commission; additional respondents are City of Pasadena and State Compensation Insurance Fund. The only feature of the award challenged by petitioner is the denial of reimbursement for the expense of self-procured medical, surgical and hospital service. The only answer on file is that of the commission, and the question for decision is stated therein as follows: "Where both the employer and the employee are completely unaware that a traumatic incident arising out of and occurring in the course of employment has initiated injury which later becomes disabling and the employee, upon becoming disabled, proceeds, without notifying the employer or making any demand for treatment, to obtain treatment and relief on his own, absent emergency, may he, after completion of the course of treatment undertaken by him, hold the employer liable therefor?" The commission answers this question in the negative.

Petitioner suffered from a head injury for which he procured surgery. He had not notified his employer that he had received such an injury in the course of his employment and the employer being unaware that such an injury had occurred had no opportunity to furnish the necessary treatment. Petitioner contends that he did not know and did not have the mental capacity to know or understand that he had suffered a service-connected injury which was responsible for his condition. He contends further that the physicians and surgeons whom he consulted did not know that his condition was

of traumatic origin until that fact was disclosed by an operation. The commission denied reimbursement for the expense of this operation and incidental care.

■ An employer is not liable for the cost of self-procured treatment unless he has neglected or refused to furnish it. Section 4600 of the Labor Code so provides and has been so applied in many cases. (*Leadbettor* v. *Industrial Acc. Com.*, 179 Cal. 468 [177 P. 449]; *Columbia etc. Steel Div., U. S. Steel Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 862 [253 P.2d 45]; *Bethlehem Steel Co.* v. *Industrial Acc. Com.*, 70 Cal. App.2d 382 [161 P.2d 59].)

Petitioner was employed as a collector of rubbish for the City of Pasadena. April 13, 1953, he filed a claim for compensation for an injury sustained about June 1950, when he was struck by a garbage can, and a claim that on January 5, 1953, he suffered a back sprain. July 1953 he filed a claim alleging that on or about December 5, 1952 he received a head injury when struck by a wooden crate thrown from a truck. It was this head injury which necessitated hospitalization and surgery for which he incurred an indebtedness of $2,048.24. On March 2, 1953, an operation was performed by Dr. Raney which was described as a "craniotomy with evacuation of a right fronto parietal subdural hematoma." All the medical testimony was to the effect that the condition inside petitioner's skull which was corrected by the operation was due to a traumatic injury occurring several months prior to the operation. There was medical testimony that loss of memory was a common symptom of a subdural hematoma of the type found in petitioner. In January and February 1953 petitioner was examined by several doctors, one employed by the State Compensation Insurance Fund, one by the City of Pasadena and others employed by petitioner. To all these physicians petitioner complained of a back sprain in Januuary 1953 and not of an injury to his head in December 1952. He was in the Southside Community Hospital and in the Queen of the Angels Hospital in which the operation was performed. The records of the hospitals show complaint of a back sprain and in some instances complaint of headache but in no instance did petitioner make mention of any injury to his head. In the hospital in February petitioner was drowsy and slow in his responses. He was confused and could not give a reliable account of his injuries. Petitioner himself testified in September 1953 that he had no recollection of any of his numerous actions or of any occurrences from January

26 until a few days following the operation of March 2. Examining doctors also reported loss of memory and inability of petitioner to give an account of his injury. Petitioner's daughter, Mrs. Brooks, testified that in January her father was irritated, short-tempered, hard to get along with, forgetful; half the time he did not recognize her; he complained of his head and went to bed; his loss of temper, irritability and loss of memory were entirely contrary to his usual deportment.

Prior to the surgery Dr. Raney was of the opinion that petitioner's condition was probably the result of a traumatic injury. The operation established that fact. The evidence did not disclose whether petitioner was advised prior to the operation as to Dr. Raney's opinion.

We are of the opinion that it would have been a reasonable conclusion from the evidence that petitioner did not know or understand that his head condition was or might be the result of an injury he received while at work.

The question posed by the record has not been answered in any case that has been called to our attention. We think it admits of but one answer. If the facts were as contended by petitioner he should not have been denied reimbursement for treatment which was reasonably necessary. It is not questioned that petitioner's operation and treatment were necessary.

Under section 4600 Labor Code, the duty of the employer is to furnish all medical, surgical and hospital treatment that is reasonably required to cure or relieve from the effects of the injury. This is a primary duty which imposes a liability from which the employer is not to be relieved except for good cause. The employee has a duty to inform his employer of any service-connected injury for which he expects to receive compensation, which includes treatment. If treatment, other than emergency treatment, is obtained by an employee when the employer has had no opportunity to furnish it because of lack of notice of the injury, the expense is not chargeable to the employer. But the primary duty remains. While it is in a sense suspended, the suspension exists only as long as the employer is without notice of the injury. (*Columbia etc. Steel Div., U. S. Steel Co.* v. *Industrial Acc. Com., supra,* 115 Cal.App.2d 862.)

The Legislature in providing for an exception to the employer's liability, which in the present case depends upon the failure of the employee to give notice of his injury, could

not have intended that liability should be excused except in the case of some neglect of the employee to give notice or his refusal to accept treatment offered by the employer. If, before surgery, petitioner had actual or imputed knowledge of his service-connected head injury he forfeited his right to reimbursement by failure to notify his employer of the same, but if for any cause he had no such knowledge it would manifestly be unreasonable and unjust to require him to give notice which was impossible for him to give.

In his report upon consideration of the petition for reconsideration, the referee stated: "The contention that applicant should be awarded reimbursement for the cost of his hospitalization and treatment is made to the Panel and I make no recommendation thereon. As a referee I feel that I am bound by the established rule." In denying the petition for reconsideration the commissioners stated: "The Panel finds the facts to be as set out by the Referee in his Report of Referee on Applicant's Petition for Reconsideration and adopts as its reasons for denying applicant's petitions the reasons expressed by the Hearing Referee." No reason was given by the referee for recommending denial of reimbursement except that he felt bound by the rule that reimbursement is not allowable where the employer has received no notice of the injury.

The commission found that the employer and its insurer suffered no prejudice by lack of notice of plaintiff's injury. Petitioner does not rely upon this finding. The point is not discussed by the parties. It is therefore unnecessary to decide whether the finding is pertinent to the only question that is before us for decision.

The facts upon which petitioner's right to reimbursement depends have not been determined by the commission. Annulment of the award is necessary in order that in further proceedings they may be determined.

The award is annulled.

Wood (Parker), J., and Vallée, J., concurred.