[Civ. No. 24565. Second Dist., Div. Two. Aug. 10, 1960.]

CALIFORNIA UNION INSURANCE COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and OLETA MITCHELL, Respondents.

Britton Drew McConnell for Petitioners.

Everett A. Corten, Edward A. Sarkisian and Levy, Russell, DeRoy & Geffner for Respondents.

KINCAID, J. pro tem.*—Petitioners, an employer and its compensation carrier, by writ of review, seek annulment of the

*Assigned by Chairman of Judicial Council.

orders and decision on reconsideration of the Industrial Accident Commission allowing reimbursement to an injured employee for costs of certain self-procured surgical and hospital treatment.

We previously ordered that writ of review issue on the ground that the employer's and carrier's petition therefor seemed to raise substantial questions as to whether the employer, under the circumstances here presented, was legally liable for the reasonable expense incurred by the employee for said self-procured surgical and hospital treatment.

Upon review of the certified transcript of the proceedings of the commission filed pursuant to the writ of review and after hearing the oral arguments, we are now of opinion, for the reasons hereinafter stated, that the commission's orders and decision imposing liability on the employer and carrier for the reasonable expense of the employee's self-procured surgical and hospital treatment were proper, and that the award therefor should be affirmed.

In the original findings and award issued herein on June 9, 1959, the commission's referee found *inter alia* and in essence that the employee, a waitress, had sustained an industrially-caused injury to her right knee which had resulted in a 7½ per cent permanent disability and an appropriate award was made therefor. At said time, the referee also found and determined that the employee "is not in need of further medical treatment to cure or relieve from the effects of said injury." No petition for reconsideration of said findings and award was filed or sought.

The medical evidence presented upon the original hearings prior to said findings and award of June 9, 1959, was conflicting as to the need of surgery and further medical treatment. The carrier's physician and the independent medical examiner were of opinion that no surgery or further medical treatment were necessary. The employee's physician was of the opinion, on the contrary, that surgery, an arthrotomy, was necessary and should be performed. The evidence further showed that the employer at all times prior to June 9, 1959, had knowledge of the injury and the claimed need for surgery and medical treatment but that the employer had consistently disputed and denied the need for surgery and further medical treatment.

Thereafter on July 26, 1959, the employee entered a hospital and, on July 27, 1959, an arthrotomy was performed. Subsequent to June 9, 1959, and prior to said surgery, the employee did not give the employer or its carrier any additional notice.

Likewise, the employee made no further request or demand, subsequent to June 9, 1959, and prior to said surgery of July 27, 1959, on the employer or its carrier to furnish surgical and medical treatment.

The arthrotomy, performed on July 27, 1959, proved, however, that the carrier's physician and the independent medical examiner had erred in their diagnoses, and that surgery and further medical treatment were necessary to cure and relieve from the effects of the injury.

Subsequently on October 22, 1959, the employee filed a petition to reopen. The referee granted said petition, but he limited award as to surgical, hospital and medical expenses to those incurred after October 22, 1959, the date on which the petition to reopen was served. By this order the referee in effect denied award for the expense ($210) of the surgery performed on July 27, 1959, and for hospitalization expenses ($757.82) incurred from July 26, 1959, to August 11, 1959, in connection therewith.

The commission granted the employee's petition for reconsideration and, in its decision after reconsideration, the commission allowed and awarded reimbursement to the employee for the cost of said July surgery and for said hospitalization expenses in connection therewith. Annulment is now sought of the commission's action in so granting reconsideration and in making award for said surgery and hospitalization expenses.

As previously noted, the surgery performed on July 27, 1959, proved that surgery and further medical treatment were necessary to cure or relieve from the effects of the injury, despite the previous opinions of the carrier's physician and the independent medical examiner to the contrary.

The employer and carrier, therefore, had the primary duty to furnish said surgery and further medical treatment as will presently be shown and we are convinced that the employee should be entitled to reimbursement for expenses incurred for such necessary surgery and for further medical treatment, unless some express provision of the statutory law or rule laid down in cases prohibited the commission from legally making an award for such necessary self-procured surgical, hospital and medical treatment.

The provisions of Labor Code, section 4600, which are pertinent and controlling herein, will be presently discussed and considered.

Preliminary thereto, brief discussion of petitioners' main

contention and of the cases relied upon by them will serve to clarify the situation and our subsequent observations.

Viewing the situation narrowly and restricting their contention to the events immediately preceding the operation of July 1959, petitioners urge in essence that, before having the July surgery performed, the employee made no request nor demand on petitioners to furnish said surgery and hospitalization and gave no notice to petitioners of her intention to have such surgery performed.

Viewing the situation more broadly in accordance with the actualities, it is evident from the record that petitioners had for a long period had knowledge of the employee's injury and condition and of her claim of need of surgery and further medical treatment. It also appears that petitioners had long disputed and denied the need for such surgery and further medical treatment.

Under the circumstances, it must, therefore, first be held that petitioners had prior knowledge of the employee's injury and condition and of her claimed need for surgery and that petitioners had neglected and refused seasonably to provide such surgery, hospitalization and further medical treatment.

It next appears that it would have been a futile and idle act for the employee in July 1959 to have made further demand or given further notice. Petitioners had from the beginning disputed and denied the need for such surgery, hospitalization and further medical treatment and it is absurd to suppose that, after the opinion of the independent medical examiner and the referee's finding of June 9, 1959, that the employee was not in need of further treatment, petitioners would have been any less adamant in their position.

The cases relied upon by petitioners[1] are all cases wherein it appears that the employer had absolutely no knowledge and was given no notice of the injury or need for surgery or medical treatment before the employee proceeded to obtain his own medical treatment. Said cases simply hold that, under such circumstances and as clearly should be the rule, the employer is not liable for such employee's self-procured medical treatment expenses.

It is obvious that said cases are not pertinent but rather clearly distinguishable from the case at bar, wherein the

---

[1]*Leadbetter* v. *Industrial Acc. Com.*, 179 Cal. 468 [177 P. 449]; *Columbia etc. Steel Div.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 862 [253 P.2d 45]; *Bethlehem Steel Co.* v. *Industrial Acc. Com.*, 70 Cal.2d 382 [161 P.2d 59].

employer had prior knowledge and notice of the employee's injury and claimed need of surgery and wherein the dereliction of the employee, if any, was a mere failure to give a further futile notice immediately prior to the surgery. It is to be observed also that, in a case such as that at bar, the only tangible way by which the employee could show that the diagnosis of her physician was correct and that the carrier's physician and independent medical examiner were in error in their diagnoses was to elect to be hospitalized and have her knee opened by surgery.

It has been held in other cases[2] that an employer may be liable for the employee's self-procured medical treatment in various special circumstances, even though request for such treatment was not expressly made by the injured employee prior to obtaining such treatment. However, the factual situations there involved were so different from those presented in the matter at bar that said cases are not directly pertinent. They do illustrate, however, that there is no absolute rule prohibiting allowance for self-procured medical treatment solely because the employee may not have requested said treatment to be furnished by the employer.

The provisions of section 4600 of the Labor Code authorized the commission to make the award sought to be annulled. Said section first provides in part that, "[m]edical, surgical, and hospital treatment, . . . which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer." Under this provision, the employer has the primary duty to furnish all medical, surgical and hospital treatment that is reasonably required to cure or relieve from the effects of the injury; and this primary duty imposes a liability from which the employer is not to be relieved except for good cause. (*Simien v. Industrial Acc. Com., supra,* 138 Cal.App.2d 397, 400.)

Said section 4600 further provides in part that, "In the case of [the employer's] neglect or refusal seasonably to [provide such treatment], the employer is liable for the reasonable expense incurred by . . . the employee in providing treatment."

Under the facts herein, it appears that the surgery and hospitalization for which award has been made were reasonably required to cure or relieve from the effects of the

---

[2]*Simien v. Industrial Acc. Com.,* 138 Cal.App.2d 397 [291 P.2d 951]; *Pacific Elec. Ry. Co. v. Industrial Acc. Com.,* 96 Cal.App.2d 651 [216 P.2d 135]; *Draney v. Industrial Acc. Com.,* 95 Cal.App.2d 64 [212 P.2d 49].

employee's injury. It further appears that, although petitioners had knowledge and notice of the injury and the claimed need for surgery and hospitalization, they neglected and refused to seasonably provide them and consistently disputed and denied the need therefor.

The award was therefore authorized under section 4600, Labor Code, and the mere happenstance that the employee did not give petitioners a further futile notice and make a further futile demand for said treatment is not good cause in our judgment for relieving petitioners from liability for the surgery, hospitalization and medical treatment established to have been reasonably required to cure or relieve from the effects of the employee's injury.

The award is accordingly affirmed.

Fox, P. J., and Ashburn, J., concurred.