[L. A. No. 26746. In Bank. May 8, 1962.]

CALIFORNA COMPENSATION AND FIRE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MAX S. COLSTON, Respondents.

Clopton & Penny, Floyd L. Colvin and Mort L. Clopton for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Barry Satzman for Respondents.

Charles P. Scully and Lowell A. Airola as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—Max S. Colston, a general construction laborer and jack hammer driller, was employed for less than two weeks on a school construction project when he injured his left foot. The Industrial Accident Commission found that the injury caused temporary total disability and awarded him the maximum payment of $65 per week for such disability.

 Colston began work on the project on Tuesday, January 3, 1961, just as it was getting under way. He did not work on January 4 and worked only four hours on January 5. His wage rate at first $3.08 and then $3.29 per hour and his uninterrupted employment during the second week brought his total earnings between Tuesday, January 3 and Friday noon, January 13 to $153.72. Had he continued working at the hourly wage he was receiving during the second week his earnings would exceed the maximum used for computing compensation awards even if he worked only four days a week. (Lab. Code, § 4453.) The commission found that the "applicant was hired on a substantial construction job for an indefinite duration . . . by virtue of his rate of pay, his earning capacity was such as to warrant an award of maximum compensation benefits." Petitioner contends that the award must be annulled on the ground that the commission failed to give the "due consideration to actual earnings" required by subdivision (d) of section 4453 in making a maximum award, since Colston's total income in 1960 was only $760.

Colston testified that he was at all times physically able and willing to work, but that 1960 had been a "bad year." The employer's listing him on its records as a temporary employee was not explained at the hearing. It may have meant that Colston was hired only for a short time or only for the particular project. In considering the probable duration of Colston's job had he not been injured, the referee observed that "no school building is constructed in two or three months. It is usually six to nine months; sometimes longer." There was evidence that the building was to be a large one and that Colston was able to perform various tasks on the project. There was no evidence that his employment on the project would be interrupted. The commission could therefore reasonably conclude that Colston would have been steadily employed on the project during the time he was disabled and that his earning capacity was maximum for purposes of a temporary award. (*Argonaut Ins. Co.* v. *Industrial Acc. Com., ante,* p. 589 [21 Cal.Rptr. 545, 371 P.2d 281].)

The award is affirmed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

Petitioner's application for a rehearing was denied June 4, 1962.