57 Cal.2d 600 (1962)
CALIFORNIA COMPENSATION AND FIRE COMPANY, Petitioner,
v.
INDUSTRIAL ACCIDENT COMMISSION and GLENN M. STEVENS, Respondents.
L. A. No. 26778. 
Supreme Court of California. In Bank. 
May 8, 1962.
 Clopton & Penny and John Leo Harris for Petitioner.
 Everett A. Corten, Edward A. Sarkisian, Levy Russell, DeRoy & Geffner and Barry Satzman for Respondents.
 Charles P. Scully and Lowell A. Airola as Amici Curiae on behalf of Respondents.
 TRAYNOR, J.
 On October 28, 1960, Glenn M. Stevens, a shingler, fell from a roof and injured his left hip and right heel. The Industrial Accident Commission found that he suffered temporary total disability and that his average weekly earnings were maximum under subdivision (d) of section 4453 of the Labor Code. It awarded him temporary compensation of $65 per week for the duration of the disability.
 [1] During January, February, and March of 1960, Stevens was not a competitor on the labor market because of an extended illness. Thereafter, he worked for his employer *601 at the time of injury when there was work available and for three other employers at other times. During the 30 weeks between April 1 and the date of injury, his total earnings from all sources were $1,819.76, an average of $60.65 per week. A maximum award under section 4453 requires a finding of an earning capacity of $100 per week or more. The earning history presented to the referee indicated an earning capacity far short of maximum, even for purposes of a temporary award. (See Argonaut Ins. Co. v. Industrial Acc. Com., ante, p. 589 [21 Cal.Rptr. 545, 371 P.2d 281].) Unlike the situation in California Comp. & Fire Co. v. Industrial Acc. Com., (ante, p. 598 [21 Cal.Rptr. 549, 371 P.2d 285]) there was virtually no evidence that Stevens' employer would have had steady work for him during the time he was disabled. The only evidence tending even remotely to support the finding on earning capacity was Stevens' statement that "We was just getting under the gun," and the fact that during the week preceding the injury he had maximum earnings. He also testified, however, that work was scarce and that during the 30-week period he normally worked only two or three days a week.
 Since there is no evidence that Stevens' earning capacity was in excess of that indicated by his earning history, the commission failed to give due consideration to actual earnings as required by section 4453.
 The award is annulled.
 Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.