[Civ. No. 20724. First Dist., Div. Three. Nov. 28, 1962.]

ARGONAUT INSURANCE COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ELMER W. MARLAR, Respondents.

Hanna & Brophy, Warren L. Hanna and James V. Burchell for Petitioners.

Everett A. Corten, Rupert A. Pedrin and Ernest H. Norback for Respondents.

DRAPER, P. J.—Petitioner* seeks annulment of an award of maximum compensation for temporary total disability, together with 10 per cent penalty (Lab. Code, § 5814). Elmer

*Reporter's Note: The term "petitioner" is used as referring to the insurer of the employer, although the latter was also named as a petitioner.

W. Marlar, a construction worker, was injured November 17, 1961. Petitioner, the insurer of his employer, paid him the maximum compensation of $70 per week until January 19, 1962. On that date, the insurer reduced the payments to $47.54 per week. This reduction was made on the basis of Marlar's return to a questionnaire sent to him by the insurer. The return showed that his earnings at date of injury were at a rate well in excess of the maximum which can be considered under the code (Lab. Code, § 4453). The same is true of his average earnings for 22 weeks preceding injury, and if such average is computed over a period of 37 weeks, it is only slightly below the amount required for a maximum temporary disability award of $70. However, his return showed no employment from November 17, 1960, to March 2, 1961. If his total earnings of $4003.11 are averaged over the 52 weeks preceding injury, they show weekly earnings of $76.98. Computing compensation at 65 per cent (Lab. Code, § 4653) of 95 per cent (Lab. Code, § 4453, subd. (d)), of this weekly amount results in the figure of $47.54, the amount paid by petitioner beginning January 19, 1962.

It is apparent that petitioner, to sustain its contention, must argue both that actual earnings are the sole basis for computation of the award, and that weekly earnings are to be computed only by averaging such actual earnings over a full year.

The first of these contentions is untenable. ▌ It is clear that the commission "must make its own estimate of weekly earning capacity at the time of the injury," and that actual pay over a period preceding injury is not the sole element to be considered *(Argonaut Ins. Co. v. Industrial Acc. Com.*, 57 Cal.2d 589, 594 [21 Cal.Rptr. 545, 371 P.2d 281]; and see *California Compensation & Fire Co. v. Industrial Acc. Com.*, 57 Cal.2d 598 [21 Cal.Rptr. 549, 371 P.2d 285]; *California Compensation & Fire Co. v. Industrial Acc. Com.*, 57 Cal.2d 600 [21 Cal.Rptr. 551, 371 P.2d 281]). As pointed out in *Argonaut*, this view is particularly applicable to awards for temporary disability.

Petitioner argues, however, that it reduced payments to Marlar in reliance upon opinions by a District Court of Appeal in the above three cases ((Cal.App.) 17 Cal.Rptr. 210; (Cal.App.) 18 Cal.Rptr. 69; (Cal.App.) 18 Cal.Rptr. 577) and before the differing decisions of the Supreme Court which ultimately disposed of those cases. Thus, says petitioner, it was not "unreasonable" within the meaning of

section 5814, to fail to follow the later decisions, which had not been announced when petitioner acted.

It is unnecessary to discuss the merits of this argument. It cannot apply here because its major premise fails. While the District Court of Appeal opinions did place greater emphasis upon actual earnings than do the ultimate decisions of the Supreme Court in the same cases, they by no means limit the award to actual earning history. Moreover, no decision provides that earnings of a full year preceding injury must be considered to reach the average weekly earning capacity upon which an award of temporary disability is based. Yet it is only such a rule which will justify the action of petitioner.

 Applicant's return to the questionnaire did not show that his unemployment from November 17, 1960, to March 2, 1961, was due to injury, as was established at hearing. Petitioner, however, had no reason to assume or apply a rigid requirement that earnings for a full year preceding the present injury constitute the sole basis for determining earning capacity. It follows that the commission was fully justified in assessing a penalty here.

Award affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied December 20, 1962, and petitioners' application for a hearing by the Supreme Court was denied January 23, 1963.