[Civ. No. 21165.   First Dist., Div. Two.   Sept. 18, 1963.]

PACIFIC INDEMNITY COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and CATHERINE G. HALLOWAY, Respondents.

Sedgwick, Detert, Moran & Arnold, Edward L. Beggs and C. Gordon Taylor for Petitioners.

Everett A. Corton, Rupert A. Pedrin and Mary Freitas for Respondents.

SHOEMAKER, Acting P. J.—Petitioners Western Utilities Corporation and Pacific Indemnity Company seek by this writ of review to have the commission's order in favor of applicant Catherine G. Halloway, awarding reimbursement for self-procured medical treatment and other benefits, annulled.

Applicant sustained an industrial injury on April 23, 1957, while in the employ of petitioner Western Utilities Corporation, hereinafter referred to as Western. Petitioner Pacific Indemnity Company, hereinafter referred to as Pacific, was the workmen's compensation insurance carrier for Western at the time of the injury.

On August 26, 1957, applicant filed an application before the commission for compensation benefits. Applicant was examined and treated by Dr. Ashley, Dr. Morrissey, and Dr. Warren, and on June 12, 1959, applicant filed a petition for permanent disability rating. Applicant was also examined by Dr. Hook prior to the hearings which followed. Reports of these doctors were submitted at the hearings.

Thereafter, on September 21, 1959, the referee found that the applicant's injury caused temporary disability to April 13, 1958, for which compensation had already been paid; that the applicant had permanent disability of 6½ per cent; and that she was entitled to such further medical treatment as might become reasonably required for the cure or relief of the injury, although none was needed at the present time.

On October 13, 1959, applicant petitioned for reconsideration, contending that the permanent disability award was premature in light of a report of a Dr. Klabunde, dated October 9, 1959. The petition was denied by the commission on November 12, 1959, on the ground that the evidence supported the referee's award, although acknowledging that the petition was not timely filed.

On January 23, 1962, the applicant petitioned to reopen her case, on the grounds that new and further permanent disability had developed; that additional temporary disability be allowed; and that she be reimbursed for self-procured medical treatment. Reports of two doctors were attached to the petition. Hearings were commenced on February 23, 1962. It developed that after the commission's decision denying reconsideration of applicant's petition, and on November 24, 1959, petitioner Pacific wrote applicant a

letter in which it was stated, referring to the commission's decision as to further medical care, that if the applicant felt the need for further medical treatment, she was to report to Dr. Warren. Further, that said petitioner would not be responsible for any treatment other than by Dr. Warren. On January 18, 1960, the applicant acknowledged receipt of the above letter and stated that due to Dr. Warren's testimony at the prior hearings, she did not have any confidence in his integrity and did not wish to be treated by him. In reply to the applicant's letter, petitioner wrote her on January 26, 1960, that they gathered from her letter that she desired a change in physicians. In this connection, petitioner stated: "As you know, under the provisions of the Labor Code, you are entitled to one change of physician. Upon request, the carrier is obligated to furnish you a panel of three physicians, of which you have the choice of selecting one for further treatment." The petitioner tendered the names of three doctors—Dr. Cooper, Dr. Hedberg, and Dr. Meherin—for the applicant's selection, and stated that they would not be responsible for any treatment other than by the above-named physicians. No reply to this letter was ever received from the applicant, and she admitted at the hearings that she never made a demand upon the petitioner Pacific for any medical care.

Instead, it appeared that the applicant went to Presbyterian Hospital, where they told her that she had tuberculosis, caring for her until the chest surgeon, Dr. Brown, gave her permission to go down to Rancho La Puerta, a health spa in Mexico, where she had been until two days prior to the commencement of the hearings.

On November 26, 1962, it was found that the applicant's injury of April 23, 1957, caused new and further temporary disability from April 16, 1961, to and including June 4, 1961; beginning again on July 20, 1961, to and including July 5, 1962, and indefinitely; payments being limited in the aggregate to November 28, 1961, in accordance with section 4656 of the Labor Code. The issue of permanent disability was deferred; applicant was held to be in need of medical treatment; and Pacific was liable for $3,617.80 to applicant for self-procured medical expenses.

Petitioners herein petitioned for reconsideration, and on January 16, 1963, the commission filed its opinion and order denying reconsideration, stating in part as follows: "It is

further the opinion of the Panel that applicant was justified in seeking her own medical treatment, for to have requested the same of defendant carrier would have been an idle act, as none of the defendants' doctors have the opinion that treatment either was or is now needed.''

█ Insofar as the award for further temporary disability is concerned, this is an issue which may summarily be disposed of. Petitioners have failed to supply the sufficient facts necessary for a determination that the commission's decision and award is erroneous. The main contention here is that the applicant was treated for tuberculosis and that there was no evidence that said illness was caused by her prior injury. However, this does not mean that there was not sufficient evidence by which the commission could decide that her present complaints and ailments were due to her prior injury. It appears to us, from the record, that there was a conflict in the evidence in this regard, which the commission resolved in favor of the applicant. In view of such fact, it is well settled that this court is without authority to annul the commission's decision in this regard.

█ The major and only other issue presented by the petition is whether the commission exceeded its jurisdiction in awarding to applicant reimbursement for self-procured medical expenses.

The governing code provisions with respect to providing an injured employee with medical and hospital treatment are Labor Code, sections 4600 et seq.

The pertinent portions of section 4600 are: ''Medical, surgical, and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches, and apparatus, including artificial members, which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. In the case of his *neglect or refusal* seasonably to do so, the employer is liable for the reasonable expense incurred by or on behalf of the employee in providing treatment.'' (Italics added.)

Section 4601 reads as follows: ''If the employee so requests, the employer shall tender him *one* change of physicians. *Upon request* of the employee for a change of physicians, 12 days shall be the maximum amount of time permitted by law for the employer or insurance carrier to nominate at least three additional practicing physicians competent to treat the particular case from among whom the employee may choose. In the event the employee is not so

notified, the employee may select a physician of his choice and the employer or insurance carrier shall be liable to pay the reasonable cost of treatment. The employee is also entitled, in any serious case, upon request, to the services of a consulting physician of his own choice at the expense of the employer. All of such treatment shall be at the expense of the employer.'' (Italics added.)

The only other pertinent provision is section 4605: ''Nothing contained in this chapter shall limit the right of the employee to provide, *at his own expense,* a consulting physician or any attending physicians whom he desires.'' (Italics added.)

It is the commission's position that the applicant justifiably refused examination and treatment offered to her following her initial award and owed no duty to notify petitioners that she was receiving medical care by other physicians. This position is defended on the ground that the last doctor furnished by petitioners, Dr. Warren, prior to the first hearings in July 1959, stated that he was unable to account for her complaints and ailments upon any physical facts, and expressed the opinion that she would stop complaining when her third party claim was settled. Further, that the petitioners' physicians, Dr. Cox and Dr. Freeman, who made examinations in regard to her petition to reopen, on April 4, 1962 and July 23, 1962, again stated that there was no physical evidence supporting her complaints and no further treatment was indicated.

Therefore, the commission argues that the applicant was justified in seeking her own medical care as it would have been futile to have requested treatment from the petitioners' physicians. In support of its position, the commission relies upon the following cases: *Industrial Indem. Co.* v. *Industrial Acc. Com.* (1961) 188 Cal.App.2d 656, 659 [10 Cal.Rptr. 566]; *Union Iron Works* v. *Industrial Acc. Com.* (1922) 190 Cal. 33, 40 [210 P. 410]; *County of Los Angeles* v. *Industrial Acc. Com.* (1936) 13 Cal.App.2d 69, 74 [56 P.2d 577]; and *California Union Ins. Co.* v. *Industrial Acc. Com.* (1960) 183 Cal.App.2d 644 [7 Cal.Rptr. 67].

In *Industrial Indem. Co.* v. *Industrial Acc. Com., supra* (188 Cal.App.2d 656), the court upheld the commission's decision in ordering reimbursement to the injured for self-procured medical treatment. There, the insurance carrier's physicians failed to make proper diagnosis and none of them gave any treatment which relieved applicant from his symp-

toms. Further, the carrier successfully resisted the applicant's petition to the commission for further medical treatment. The applicant then went to his own physician, where his true condition was discovered, had an operation, *and was to a large extent cured.* Based upon these facts, the court held that it was a question of fact to be decided by the commission whether it would have been futile for applicant to make a further request of the carrier for further medical care.

In *Union Iron Works* v. *Industrial Acc. Com., supra* (190 Cal. 33), the commission's award to an injured employee of self-procured medical treatment was upheld. The facts were that the injured employee was under treatment and care of the employer's private hospital and physicians for almost four years and the employee's condition was getting worse. The employee then consulted a physician of his own choice who notified the employer's physicians that an operation was needed. The employer and petitioners therein refused to operate on the advice of their physicians and another independent physician. After nine more months, the employee abandoned the unsuccessful treatment of the petitioners' physicians and sought treatment from his own physician. After two operations were completed, the employee *completely recovered* and again became self-supporting.

In *County of Los Angeles* v. *Industrial Acc. Com., supra* (13 Cal.App.2d 69), the court upheld the commission's decision awarding to the injured employee self-procured medical treatment. The treatment which the petitioner's physicians were giving the employee was, according to the testimony, inadequate. The employee became dissatisfied and sought treatment from a physician of her own choice. This was held reasonable under the circumstances, as the treatment by her physician was successful.

In *California Union Ins. Co.* v. *Industrial Acc. Com., supra* (183 Cal.App.2d 644), the court upheld the commission's award for reimbursement to the injured employee for self-procured medical treatment. The evidence showed that the employer had knowledge of the injury and claimed medical treatment prior to June 9, 1959, the date of the referee's original findings where it was stated that the employee was not in need of further medical care, and the employer at all times disputed the need for further medical treatment. No further notice or request was made of the employer for medical care, but the employee entered a

hospital where a successful operation was had which established that the employer's physicians were in error, and surgery and further medical treatment were necessary to cure and relieve the effects of the injury.

It is apparent that the factual differences make the cases discussed above clearly distinguishable from the facts of the present case. Here, the petitioner Pacific, immediately after the commission's award to the applicant and its denial of her petition for reconsideration, offered to the applicant medical care and treatment. Upon her justifiable refusal to accept the physician whom it recommended, Pacific, in accordance with Labor Code, section 4601, offered the applicant a selection of three other physicians who, as appears from the briefs, never before saw or examined her. The applicant never replied to the offer, did not object to the physicians offered to her, and never attempted to secure treatment from them, and, without notifying the petitioners, sought her own medical treatment. This the commission held to be justified, reasoning that requesting treatment from Pacific's physicians would have been a futile act. In this connection, it may be noted that prior to Dr. Warren's ultimate findings that there was nothing physically wrong with the applicant in connection with her prior injury, his reports noted that the applicant admitted a great deal of improvement since she first came under treatment.

Furthermore, the law announced in the cases cited by the commission in support of their position clearly supports the petitioners' position and not that of the applicant herein. One of the tests announced in those cases, to establish Pacific's liability for her self-procured medical treatment, is that the treatment received from the applicant's own physicians was a success, and that it was reasonably and seasonably necessary. In this connection, there is a total lack of such showing. In fact, the commission concedes that the applicant has not been successfully relieved from her complaints.

In *Sun Indem. Co. v. Industrial Acc. Com.* (1948) 85 Cal.App.2d 171 [192 P.2d 765], the court annulled that portion of the commission's award which ordered the applicant to be reimbursed for self-procured medical treatment. In that case, the injured employee became dissatisfied with the physician who was treating her and requested another doctor. The insurance carrier furnished another doctor, Dr. Dresel, who examined her and indicated that some physio-

therapy would do her some benefit. This doctor went on vacation for two months, but made an appointment with the employee for her to see him on his return. However, before his return the employee went to see another doctor, testifying that she was not satisfied with Dr. Dresel's treatment. In this connection, the court stated: "It is apparent also that her main reason, expressed more than once, for seeing another doctor, was that she did not feel that the insurance company's doctors were helping her. The situation here did not justify her going to a doctor of her own choosing without first either contacting Dr. Dresel's office or the carrier and requesting that another doctor be provided. If she was dissatisfied, as the evidence discloses she was, she was not entitled to employ a doctor until she had first given the employer or his carrier the opportunity of providing further care." (Pp. 178-179). (See also *Healy* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 118, 120-121 [258 P.2d 1], where the court stated that "An employee may make his own selection of a physician at the expense of the employer only where the latter has neglected or refused to furnish the necessary medical care. [Citations.] The evidence establishes that Healy was never refused necessary medical treatment.")

Turning to the facts herein, by applicant's own testimony it was established that after the first award by the commission she did not make any demand on Pacific for any medical care or treatment. It was also established that petitioners did not have any notice of applicant's self-procured medical care until the petition to reopen was filed.

That portion of the commission's decision which awards the applicant reimbursement for self-procured medical treatment is annulled. In all other respects, the award is affirmed.

Agee, J., concurred.