414 P.2d 852

Bernardo VALDEZ, Plaintiff-Appellant,

v.

Robert E. McKEE, General Contractor, Inc., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 7668.

Supreme Court of New Mexico.

May 31, 1966.

Patricio Sanchez, Santa Fe, for appellant.

Jones & Gallegos, Jerry Wertheim, Santa Fe, for appellees.

## OPINION

CARMODY, Chief Justice.

Plaintiff appeals from the denial of his application for an order requiring his employer and its insurer to furnish certain

hospital, medical and surgical services. The trial court found that, from the date of the plaintiff's injury, the employer, through its insurer, had furnished medical treatment and hospitalization at a cost of $409.71, and that subsequent to that time, the plaintiff without prior approval of the defendants or the court, had placed himself under the care of Dr. Peterson of Albuquerque, thereby incurring treatment and surgical costs in excess of $1,500.00. It is for this additional expense that the plaintiff sought recovery by his application.

The plaintiff suffered an injury in Los Alamos on September 12, 1962, in the course of his employment. The foreman on the job sent the plaintiff to a doctor in Los Alamos, who treated him for over a month. The treatment included nine days of hospitalization and consultation by an orthopedic expert from Albuquerque. About October 17, 1962, the plaintiff advised the claims adjuster that he intended to see Dr. Peterson in Albuquerque, and at that time was told by the adjuster that the insurer would not pay for Dr. Peterson's services, but suggested other doctors to whom the plaintiff might go. Nevertheless, the next day, without the approval of the defendants or the court, the plaintiff placed himself under the care of Dr. Peterson.

The trial court found that the employer had furnished all reasonable medical treatment, hospital services and medicine and had never refused to continue to furnish the same. There is no attack on any of the findings of the trial court, and therefore the facts found are the facts before us.

Actually, the plaintiff is hardly in a position to challenge the sufficiency of the evidence to support the findings of the trial court, particularly since the evidence shows that his new doctor, for approximately two months, administered essentially the same treatment that the plaintiff had been receiving under the doctor designated by the employer. The decision to operate was following the two-months' treatment, and no doctor selected by the employer was consulted.

Section 59-10-19.1(A), N.M.S.A.1953, prior to amendments in 1963 and 1965, provided, in substance, that the employer shall furnish all reasonable surgical, medical and hospital services not to exceed the sum of $1,500.00, unless the workman refuses to allow them to be so furnished, and that if medical attention is necessary "in excess of the above sum" and the employer refuses to furnish it, the workman may then apply to the court for an order requiring the employer to furnish such additional services as may be reasonably necessary.

■ In this case, the employer having furnished services in the amount of only slightly over $400.00, it would appear that the requirement of the statute concerning

additional payments over $1,500.00 is inapplicable. However, even if it should be considered to apply, plaintiff has not complied with the provisions of this section and therefore cannot take advantage of those provisions. George v. Miller & Smith, 1950, 54 N.M. 210, 219 P.2d 285; and Noffsker v. K. Barnett & Sons, 1963, 72 N.M. 471, 384 P.2d 1022.

■■ Section 59–10–19.1(D), N.M.S.A. 1953, provides in part as follows:

"D. In case the employer has made provisions for, and has at the service of the workman at the time of the accident, adequate surgical, hospital and medical facilities and attention, and offers to furnish these services during the period necessary, then the employer shall be under no obligation to furnish additional surgical, medical or hospital services or medicine than those so provided; * *."

But this section can give the plaintiff no solace. Under statutes such as ours, the employer generally has the right in the first instance to select the physician or surgeon to care for injured employees, Johnson v. Armstrong & Armstrong, 1937, 41 N.M. 206, 66 P.2d 992; Radil v. Morris & Co., 1919, 103 Neb. 84, 170 N.W. 363, 7 A.L.R. 539; see annotation 142 A.L.R. 1205, 1206; and the injured employee, absent statutory language to the contrary, may not recover for medical services incurred by him unless the employer has failed to provide such services, Owensby v. Riegel Textile Corp., 1961, 104 Ga.App. 800, 123 S.E.2d 147; Totton v. Long Lake Lumber Co., 1939, 61 Idaho 74, 97 P.2d 596; Gonzales v. Johnston Foil Manufacturing Co. (Mo.App.1957), 305 S.W.2d 45; Irwin v. Fulton Sylphon Co., 1942, 179 Tenn. 346, 166 S.W.2d 610; compare Pacific Indemnity Co. v. Industrial Accident Comm., 1963, 220 Cal.App.2d 327, 33 Cal.Rptr. 649; White Rock Mineral Springs Co. v. Horwatich, 1929, 200 Wis. 123, 227 N.W. 291.

This is particularly true in this jurisdiction in view of the language of the above-quoted section of the statute. It is plain that where the employer has made provision for adequate medical services, he "shall be under no obligation to furnish additional surgical, medical or hospital services or medicine than those so provided."

We are cognizant of the cases that have permitted recovery under circumstances such as here present, but they were decided under statutes which did not contain the limiting language above set forth. See Boss v. Marquette Casualty Co. (La.App. 1963), 150 So.2d 67, writ of review denied, 244 La. 220, 151 So.2d 692; Atlas Powder Co. v. Grant, 1956, 200 Tenn. 617, 293 S.W. 2d 180.

■■■ It is urged by the plaintiff that because the defendants did not actually pay

any of the medical bills of the doctors who originally treated him until more than thirty-one days after the injury, the defendants, under § 59–10–13.5, N.M.S.A.1953, are in default, and that the plaintiff had the right to secure treatment on his own. However, this argument is without merit, because we have held that the "installments" to which the statute refers do not include the workman's medical benefits, Martinez v. Wester Brothers Wholesale Products Co., 1961, 69 N.M. 375, 367 P.2d 545; and Garcia v. New Mexico State Highway Department, 1954, 61 N.M. 156, 296 P.2d 759. It was not the intention of the legislature to make the medical benefits provided under § 59–10–19.1, supra, subject to the limitations of § 59–10–13.5, N.M.S.A.1953. Nasci v. Frank Paxton Lumber Co., 1961, 69 N.M. 412, 367 P.2d 913.

The trial court's finding that the employer furnished all reasonable medical treatment and had never refused to furnish the same is supported by substantial evidence, and the defendants are not liable for the additional medical services incurred by the plaintiff.

What we have said makes it unnecessary to pass upon the other arguments made by the plaintiff.

The judgment will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.