[Civ. No. 34613. Second Dist., Div. Three.  Dec. 30, 1969.]

W. M. LYLES COMPANY et al., Petitioners, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
LEE W. BUTZ, Respondents.

COUNSEL

Zonni, Ginocchio & Taylor and Ben F. Taylor for Petitioners.

Everett A. Corten, Nathan Mudge and David & Gould for Respondents.

OPINION

FEINERMAN, J. pro tem.*—In this proceeding petitioners seek annulment of an award of temporary disability indemnity, medical treatment, and reimbursement for self-procured medical treatment made by the Workmen's Compensation Appeals Board in favor of respondent Lee W. Butz.

In December of 1967 Butz filed an application for workmen's compensation against the El Rio Construction & Engineering Co. (hereafter called El Rio) and its compensation insurer, Industrial Indemnity Co., alleging that he sustained industrial injury on September 12, 1967, in the form of a skin condition (discoid lupus erythematosus) caused by excessive exposure to sunlight. On April 29, 1968, he amended his application to allege that the skin condition was caused by repeated exposures to sunlight in the course of his employment by El Rio and eight other employers including W. M. Lyles Co., petitioner Employers Mutual's insured, between August 20, 1965, and September 12, 1967. On December 16, 1968, he elected to proceed against El Rio for whom he worked from 3 p.m. until after sunset on September 6, 7, 8, and 11, 1967, and against the Lyles Co., for whom he worked from 7 a.m. to 3 p.m. on August 23, 1967. After hearing the referee issued a joint and several award against Lyles Co. and El Rio. The appeals board denied reconsideration.

Petitioners contend that the evidence will not support the following findings: (1) that the exposure on August 23, 1967, in the course of employment by Lyles Co. contributed to the disability and need for medical treatment; (2) that the condition was not yet permanent and stationary; (3) that the employee's earnings were maximum for the purpose of computing weekly temporary disability indemnity; and (4) that the employee was entitled to reimbursement for self-procured medical treatment.

We have concluded that the evidence in the record is not sufficient to support the finding that the employee's earnings were maximum for purposes of computing temporary disability indemnity and that the evidence is sufficient to support the other questioned findings.

*Assigned by the Chairman of the Judicial Council.

According to the uncontradicted medical evidence, Butz, a 50-year-old oiler of heavy equipment in the construction industry, suffers from a disease diagnosed in September of 1967 as discoid lupus erythematosus. The cause of the disease is unknown. It is manifested by a distinctive itchy, painful, disfiguring skin eruption which is subject to spontaneous flare-up or remission. In approximately 10 percent of the cases it will progress to a systemic type which may be fatal. It is unquestioned that exposure to sunlight will aggravate and exacerbate the condition. However, the doctors are unable to state the length of time between exposure and exacerbation.

Butz testified that he worked out in the sun on August 23, 1967 for Lyles Co. He could not remember having a skin eruption at that time, but he did recall having an eruption prior to that date. Dr. Gerber's records indicated that on July 7, 1967 he had referred Butz to Dr. Field for treatment of a skin condition. Dr. Bailey's records show that on July 28, 1967 he observed a skin rash on Butz' face. Dr. Field reported that he examined Butz on September 8, 1967, and noted eruptions on his face, ears, exposed portions of the neck and outside upper arms. Dr. Field had entered in his records that Butz had stated that the eruption had been present for about a month.

Relying on the foregoing medical evidence, petitioners contend that the disease was active prior to the day Butz worked for Lyles Co. and therefore there is no substantial evidence that employment by Lyles Co. contributed to the disability.

In *Cypress Ins. Co.* v. *Workmen's Comp. App. Bd.*, 266 Cal.App.2d 196 [71 Cal.Rptr. 915], the applicant had coccidioidomycosis, commonly known as San Joaquin Valley Fever. The medical experts were unable to pinpoint the exact date of inception of the disease but they stated that the condition could become worse through reinfection upon a new exposure to harmful spores or through self-reproduction of spores previously inhaled. The petitioner in that case raised a contention similar to the one raised here. The court concluded that proof that the employee was exposed during the course of his employment was sufficient to support a finding that the employment was a contributing factor and, as in the cumulative injury and occupational disease cases, the employee could obtain, at his option, an award for the entire disability against any one or more of the successive employers or carriers, without fixing upon each the precise portion of disability attributable to it, leaving to the employers or carriers the burden of adjusting the share that each should bear in an independent proceeding for apportionment among themselves.

Petitioners also complained that there is no evidence as to the "nature and degree of sunlight exposure." Dr. Field testified that any exposure

would aggravate the condition and Butz testified he worked out in the sun. Petitioners presented no evidence which raised a conflict.

In *McAllister* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 408 [71 Cal. Rptr. 697, 445 P.2d 313], which involved a claim for death benefits where a fireman had died of lung cancer, the court had occasion to restate the rule that an applicant need establish no more than a reasonable probability of industrial causation and is not required to prove the causal mechanism in detail. The court stated (p. 419): "Future scientific developments will tell us more about lung cancer. Ultimately it may be possible to pinpoint with certainty the cause of each case of the disease. But the Legislature did not contemplate years of *damnum absque injuria* pending such scientific certainty. Accordingly, we and the Workmen's Compensation Appeals Board are bound to uphold a claim in which the proof of industrial causation is reasonably probable, although not certain or 'convincing.' We must do so even though the exact causal mechanism is unclear or even unknown."

■ Petitioners ask the court to overrule the finding that Butz' condition was not yet permanent and stationary. The question is one of fact. There is evidence in the medical reports from which the board could conclude that the condition had not reached a permanent stage. ■ The period of temporary total disability is that period when the employee is totally incapacitated for work and during which he may reasonably be expected to be cured or materially improved with proper medical attention. (See *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 126 Cal.App.2d 554 [272 P.2d 818]; 2 Hanna, California Law of Employee Injuries and Workmen's Compensation, section 13.01(1).) On February 5, 1969 Dr. Field testified that the applicant had not recovered to a point where he would be employable for a 40-hour week and that the condition was still improving with additional medical care and had not yet reached a permanent and stationary condition.

In respect to the issue of whether the employee is entitled to reimbursement for self-procured medical treatment, petitioners assert that the employee did not advise them that he had been injured in the Lyles Co. employment until he joined Lyles Co. as a defendant in April of 1968. The board in its decision states that when petitioners did in fact receive notice they denied liability and thus, in any event, a request for medical treatment from petitioners would have been futile. ■ It is well established that an employee is not to be denied reimbursement for treatment obtained without notice to the employer in emergency situations, or where the employee did not know the injury was industrially caused at the time treatment was obtained, or where a request would be futile. (*Foremost Dairies, Inc.* v. *Industrial Acc. Com.*, 237 Cal.App.2d 560 [47 Cal.Rptr. 173]; *Simien* v. *Industrial Acc. Com.*, 138 Cal.App.2d 397 [291 P.2d 951].)

Although the board did not make a factual determination that the employee did not know at the time he obtained treatment that the disability was caused by his exposure to the sun while employed by Lyles Co., we can infer from the record that this was their conclusion as to at least some of the treatment. In view of the employee's unusual disease and his numerous employers, the board's conclusion was reasonable.

■ The board's determination that the employee's earnings were maximum for purposes of computing temporary disability benefits is not based on substantial evidence. It was stipulated that Butz earned $52.58 for the day he worked for Lyles Co. and $224.26 for the four days he worked for El Rio. Butz testified that he obtained all of his employment through his union, but he could not remember the names of his employers, the length of each job, or the amount he earned in each employment. He kept no records relating to the employment or his earnings. Although he had filed income tax returns for the years 1965, 1966, and 1967, he had no copies of the returns. At the hearing held on January 8, 1969, Butz testified that his earnings for 1965 were "roughly say $5,000", that in 1966 he did not think "there was much deviation" and that in 1967, up to the time of his injury, "the work was beginning to pick up. . . ." At the hearing held on February 5, 1969, Butz testified that his prior estimate of $5,000 earnings for 1965 was "just general average of your line of work" and that he had "no idea" that his earnings in 1966 were also about $5,000 as he could not "pinpoint it right down to the dollars and cents."

In 1962 the Supreme Court handed down a series of decisions dealing with the question of average earnings. (*California Comp. & Fire Co.* v. *Industrial Acc. Com.* [*Stevens*], 57 Cal.2d 600 [21 Cal.Rptr. 551, 371 P.2d 287]; *California Comp. & Fire Co.* v. *Industrial Acc. Com.* [*Colston*], 57 Cal.2d 598 [21 Cal.Rptr. 549, 371 P.2d 285]; and *Argonaut Ins. Co.* v. *Industrial Acc. Com.* [*Montana*], 57 Cal.2d 589 [21 Cal.Rptr. 545, 371 P.2d 281].) The court emphasized that future loss is the primary consideration in the determination of average earnings for temporary disability indemnity when Labor Code section 4453, subdivision (d) determines the manner of computation. This section applies when the employment is for less than 30 hours per week or where for any reason other methods set out in Labor Code section 4453 cannot be fairly applied. These decisions indicate that an employee is entitled to maximum temporary disability indemnity when the evidence shows maximum earnings at the time of injury and that continued steady employment would have been available during the period of temporary disability. In *California Comp. & Fire Co.* v. *Industrial Acc. Com.* [*Stevens*], *supra*, an award for maximum temporary benefits was annulled because the work history showed earnings less than those required for maximum and there was no evidence to show that the employee

would have worked steadily during the time he was disabled except for the injury. In *Argonaut Ins. Co. v. Industrial Acc. Com. [Montana]*, the court emphasized that all facts relevant and helpful to make the estimate of earning capacity must be considered including the applicant's ability to work, his age and health, his willingness and opportunities to work, his skill and education, the general condition of the labor market, and employment opportunities for persons similarly situated. It further stated that in weighing such facts the commission could make use of its general knowledge as a basis of reasonable forecast but that it must, however, have evidence that will at least demonstrate the reasonableness of the determination made.

In the case at bench the employee's testimony as to his earnings was vague and speculative. Butz' ability to work, his willingness to work, his skills, and the opportunities for employment were not explored. ▮ Little weight can be given to the employee's testimony as to his earnings unless it is established that he is unable to obtain and present some corroborative evidence specifying in detail the periods he worked and did not work and his earnings at specific times. ▮ As this court stated in *Raymond Plastering* v. *Workmen's Comp. App. Bd.*, 252 Cal.App.2d 748, 753 [60 Cal. Rptr. 860]: "The referee or appeals board may not leave undeveloped matters which its acquired specialized knowledge should identify as requiring further evidence."

The award of temporary disability indemnity is annulled and the matter is remanded back to the board for proceedings consistent with this opinion. The award is affirmed in all other respects.

Cobey, Acting P. J., concurred.

ALLPORT, J.—I concur in the portion of the majority opinion that holds that the board's determination that the employee's earnings were maximum for purposes of computing temporary disability benefits is not based on substantial evidence. I cannot agree with the majority holding that there was substantial evidence that the exposure on August 23, 1967, in the course of employment by Lyles Co. contributed to the disability and need for medical treatment. In discussing sufficiency of the evidence to sustain an award this court said in *West* v. *Industrial Acc. Com.*, 79 Cal.App.2d 711 at p. 720 [180 P.2d 972]: "The power of the commission to make determinations of fact is indeed broad, but it may not be exercised in disregard of fundamental concepts as to what constitutes legal proof and of

the duty to fairly weigh evidence. A reviewing court should not consider itself bound by a finding of the commission which has no *reasonable basis* (emphasis added) in the evidence."

I would annul the award in its entirety.